MISSOURI PACIFIC RAILROAD COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

NEW ORLEANS, TEXAS & MEXICO RAILROAD COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33301, 40575, 50822, 52865, 59142, 66783, 67052.
Promulgated May 1, 1934.

*James M. Chaney, Esq.*, for the petitioners.
*Orris Bennett, Esq.*, and *J. T. Haslam, Esq.*, for the respondent.

#### OPINION.

SMITH: In the above entitled proceedings trustees for the petitioners in bankruptcy have filed motions for orders staying these proceedings upon the grounds that the petitioners are now in bankruptcy and that their affairs are being administered by trustees under the direction of the District Court of the United States, Eastern Division, Eastern Judicial District of Missouri.

The only facts material to a decision on these motions are that while these proceedings were pending before the Board and on March 31, 1933, the petitioners filed in the District Court of the United States for the Eastern Division, Eastern Judicial District of Missouri, in Cause No. 6935, a petition for reorganization of their capital structures under section 77, chapter VIII, of the Acts of Congress relating to bankruptcy; that upon the same date the judge of that court entered an order approving the petition and finding that the petition was in accordance with section 77, chapter VIII, of the Acts of Congress relating to bankruptcy and that the petition had been filed by the debtor in good faith. In that order

the District Court reserved full right and jurisdiction to make from time to time such orders as the court might deem proper, and to appoint a trustee or trustees of the debtor's property and estate, with all title and powers of trustees under and subject to the provisions of the Acts of Congress relating to bankruptcy. On November 14, 1933, the District Court entered an order (No. 116) staying all pending suits against the debtors in Cause No. 6935 until after final decree in the bankruptcy proceeding. The order provided as follows:

From and after the entry of this order, all suits (other than claims for injuries to or death of employes), wherever pending, against any of the Debtors, shall be stayed until after final decree in this cause, and the continued prosecution of any and all suits (other than claims for injuries to or death of employes) which have for their object the enforcement of any lien or judgment against the property of the Debtors in the hands of the Trustees shall be, and the same is, hereby, enjoined until after final decree entered in this cause.

STATUTES INVOLVED.

*Revenue Act of 1932.*

SEC. 274. BANKRUPTCY AND RECEIVERSHIPS.

(a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any bankruptcy proceeding or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) determined by the Commissioner in respect of a tax imposed by this title upon such taxpayer shall, despite the restrictions imposed by section 272 (a) upon assessments be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. Claims for the deficiency and such interest, additional amounts and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board; but no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy or the appointment of the receiver.

(b) UNPAID CLAIMS.—Any portion of the claim allowed in such bankruptcy or receivership proceeding which is unpaid shall be paid by the taxpayer upon notice and demand from the collector after the termination of such proceeding, and may be collected by distraint or proceeding in court within six years after termination of such proceeding. * * *

*Bankruptcy Act.*

Section 11 (United States Code, title 11, ch. 3, sec. 29):

a. A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the

dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined.

## Section 17 (United States Code, title 11, ch. 3, sec. 35):

A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (1) are due as a tax levied by the United States, the State, county, district or municipality in which he resides.

## Section 77 (enacted March 3, 1933):

(1) In addition to the provisions of section 11 of this Act for the staying of pending suits against the debtor, such suits shall be further stayed until after final decree the judge may, upon notice and for cause shown, enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien upon the estate until after final decree.

*    *    *    *    *    *    *

(n) In proceedings under this section and consistent with the provisions thereof, the jurisdiction and powers of the court, the duties of the debtor and the rights and liabilities of creditors, and of all persons with respect to the debtor and his property, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition was filed.

Section 274 of the Revenue Act of 1932, above quoted, is a substantial reenactment of section 282 of the Revenue Act of 1926 and of section 274 of the Revenue Act of 1928. In *Plains Buying & Selling Assn.*, 5 B.T.A. 1147, we reached the conclusion that where adjudication of bankruptcy occurs subsequent to the filing of a petition with this Board the jurisdiction of the courts and of the Board is concurrent and that the Board is not ousted of its jurisdiction by reason of the bankruptcy of the petitioner. In our opinion we exhaustively discussed the legislative history and the object and purpose of section 282 of the Revenue Act of 1926, which has its counterpart in section 274 of the Revenue Act of 1932. In the course of our opinion we stated:

In commenting on the Act as it was reported out of conference, the managers on the part of the House made the following statement:

Amendment No. 89: The Senate amendment adds a new section, the House bill containing no corresponding provisions. The House recedes with an amendment making a clerical change. The provisions of the Senate amendment are summarized in the following paragraphs.

During bankruptcy proceedings or State or Federal receivership proceedings the assets of the taxpayer come within the control of the bankruptcy or equity court whenever the taxpayer has been finally adjudicated a bankrupt by the bankruptcy court or the receiver has been finally appointed by the equity court. If a deficiency is determined by the commissioner during the pendency of such proceedings, the amendment permits the deficiency to be assessed and the bankruptcy or receivership proceedings to continue despite the prohibitions of section 274 (a). If a petition for the redetermination of a deficiency has been filed with the board

590

prior to the adjudication of bankruptcy or the appointment of a receiver, the amendment permits the proceedings for the redetermination of the deficiency to be continued simultaneously with the bankruptcy or receivership proceedings. The claim for the amount of the deficiency may, of course, be filed with the bankruptcy or equity court. In case of final decision of the board before termination of the bankruptcy or receivership proceedings, a copy of the decision could be filed with the bankruptcy or equity court and the decision would presumably be followed by such courts. During the pendency of the bankruptcy or receivership proceedings a deficiency may be assessed in accordance with the final decision of the board, but the amount thereof may not be collected by distraint against the assets while under the jurisdiction of the bankruptcy or equity court. (See Conference Report, Report No. 356, House of Representatives, Feb. 22, 1926, p. 45.)

The petitioners claim that although our opinion in *Plains Buying & Selling Assn.*, *supra*, may have been a correct interpretation of the law as it existed prior to March 3, 1933, it is not a correct interpretation of the law as modified by the Act of March 3, 1933, and as applied to these petitioners. It is their contention that the bankruptcy law was materially modified by the Act of March 3, 1933, by adding thereto chapter VIII and that by subdivision (1) of section 77, contained in that chapter, the District Court is given plenary power over the " reorganization of railroads engaged in interstate commerce " and that it has authority to " stay the  *  *  *  continuance of any judicial proceeding to enforce any lien upon the estate " of the bankrupt until after final decree; that since it has such plenary power the District Court's Order No. 116, referred to above, stays the proceedings now pending before this Board. The petitioners also call our attention to the statement of the Supreme Court of the United States in *United States Fidelity & Guaranty Co.* v. *Bray*, 225 U.S. 205, 217, as quoted with approval by the same Court in *New York* v. *Irving Trust Co.*, 288 U.S. 329, 332, as follows:

We think it is a necessary conclusion from these and other provisions of the Act that the jurisdiction of the bankruptcy courts in all " proceedings in bankruptcy " is intended *to be exclusive of all other courts and that such proceedings include, among others, all matters of administration, such as the allowance, rejection and reconsideration of claims*, the reduction of the estates to money and its distribution, the determination of the preferences and priorities to be accorded to claims presented for allowance and payment in regular course  *  *  *. [Italics supplied.]

The immediate question for our consideration is whether the proceedings before us constitute " suits " or " judicial proceedings " within the meaning of subdivision (1) of section 77 of the Bankruptcy Act. We are of the opinion that they do not. The proceedings are not suits against the railroad companies. The railroad companies themselves instituted the proceedings before the Board. They were instituted for the purpose of reducing the taxes claimed

to be due the United States. They were for the petitioners' benefit. We think it clear that it was not the intention of Congress to amend the Bankruptcy Act so as to provide that suits which were pending before the courts and this Board which had been brought by the railroad companies should be stayed. The language of section 77 added to the Bankruptcy Act on March 3, 1933, is not fairly susceptible of such construction.

Under section 274 (a) of the Revenue Act of 1932, the respondent is permitted to file claims with the bankruptcy court " despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board." The bankruptcy court may adjudicate such claim in the winding up of the affairs of the bankrupt. If before such claim is adjudicated by the bankruptcy court the Board has redetermined the deficiency, the respondent and, we apprehend, the petitioner may make such representation to the bankruptcy court with respect thereto as either desires. In any event the bankruptcy court has plenary power to adjudicate the claim. But it was clearly the intent of Congress, as shown by the Conference Report (No. 356, House of Representatives, Feb. 22, 1926) above quoted, that the Board should not be ousted of jurisdiction to hear and determine the proceedings pending before it.

Orders will be entered in these proceedings denying the motions of the petitioners.

Reviewed by the Board.