MOLLY–'ES DOLL-OUTFITTERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92642.    Promulgated July 8, 1938.

*Morris J. Cohen, Esq.*, for the petitioner.
*R. C. Whitley, Esq.*, for the respondent.

OPINION.

BLACK: On March 19, 1938, the petition in this proceeding was filed contesting a deficiency determined by the Commissioner in his deficiency notice dated December 22, 1937.   Prior to the filing of any answer thereto by respondent, to wit, on May 4, 1938, a stipulation was filed by the petitioner and the Commissioner agreeing that there are deficiencies in Federal income tax and excess profits tax due from the petitioner for the fiscal year ended January 31, 1936, and penalties as follows:

|  | Deficiency in tax | 5% penalty |
|---|---|---|
| Income tax | $626.11 | $31.31 |
| Excess profits tax | 227.68 | 11.38 |
| Total | 853.79 | 42.69 |

On May 7, 1938, the Board entered a decision in accordance with the foregoing stipulation.   On May 12, 1938, respondent filed a motion asking the Board to set aside and vacate the decision entered May 7, 1938, and dismiss the appeal for lack of jurisdiction.   As a reason for his motion respondent alleged that on February 10, 1938, the

taxpayer filed in the District Court of the United States for the Eastern District of Pennsylvania a debtor's petition for reorganization under section 77B of the Federal Bankruptcy Act; that on February 11, 1938, the court approved the petition; that on March 19, 1938, the taxpayer filed its petition with the Board of Tax Appeals; that under the provisions of section 274 (a) of the Revenue Act of 1936 no petition for redetermination of the deficiency asserted in the notice of deficiency dated December 22, 1937, may be filed with the Board after the adjudication of bankruptcy.

Respondent's motion was set for hearing June 8, 1938, of which petitioner was duly notified and served with a copy thereof. The motion came on for hearing June 8, 1938, and petitioner did not appear and no reply has been filed to respondent's motion. Respondent renewed his motion and it is believed it should be granted. Respondent has introduced in evidence in support of his motion a certified copy of the petition of "Molly–'es Doll-outfitters, Inc., Debtor", for reorganization under section 77B of the Federal Bankruptcy Act, filed February 10, 1938, in the District Court of the United States for the Eastern District of Pennsylvania, and has also introduced in evidence a certified copy of the order of the judge of that court dated February 11, 1938, approving the debtor's petition and setting out at length the court's orders with reference thereto, all of which is incorporated herein by reference.

Section 274 (a) of the Revenue Act of 1936 reads in part: "But no petition for any such determination shall be filed with the Board after the adjudication of bankruptcy or the appointment of the receiver."

Article 274–2, Treasury Regulations 94, applicable to the Revenue Act of 1936, reads in part as follows: "In no case shall a petition be filed with the Board for a redetermination of the deficiency after the adjudication of bankruptcy, the filing of a debtor's petition or answer in a Federal court in proceedings for the relief of debtors under sections 74, 75, and 77 of the Bankruptcy Act, as amended, the approval of the debtor's petition or answer in a debtor proceeding under section 77B of the Bankruptcy Act, as amended, or the appointment of a receiver."

While, of course, the Commissioner can not by his regulations add anything to the Board's jurisdiction or take anything away from it, the regulation above quoted seems correctly interpretative of the statute.

From the facts introduced in evidence by the respondent, it seems clear that prior to the time petitioner filed its petition herein on March 19, 1938, the United States District Court for the Eastern District of Pennsylvania had approved the debtor's petition of Molly–'es Doll-outfitters, Inc., for reorganization under section 77B of the Fed-

eral Bankruptcy Act and had assumed jurisdiction of it. Therefore, we hold that we have no jurisdiction of the proceeding instituted by the filing with this Board of the petition March 19, 1938. Cf. *Missouri Pacific Railroad Co.*, 30 B. T. A. 587; *Financial & Industries Securities Corporation*, 27 B. T. A. 989. Accordingly, an order will be entered vacating and setting aside the decision entered in this proceeding May 7, 1938, and dismissing the proceeding for lack of jurisdiction.