BUCKY HARRIS, TRANSFEREE OF ASSETS OF HARMAN STEEL CORPORATION, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 64580–64584. Filed September 22, 1959.

*Glen E. Hardy, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner has moved to dismiss each of these cases for lack of jurisdiction. The motions were set for hearing and heard on September 9, 1959. There was no appearance for the petitioners in opposition to the motions of the Commissioner, but despite that fact, these cases cannot be dismissed upon the grounds advanced by the Commissioner in his motions.

The position of the Commissioner is that Bucky Harris and Carmen Harris each filed a petition in proceedings under chapter XI of the Bankruptcy Act with the United States District Court for the Southern District of Florida, Miami Division, between 11 : 30 a.m. and 12 o'clock noon on October 9, 1956, and those proceedings on that same day were referred to the referee in bankruptcy. There is nothing in the record to show that the bankruptcy cases were referred to the referee in bankruptcy on October 9, 1956, if that is material. The motions recite that the petitions in these five tax cases were filed on

---

[1] Consolidated herewith are: Docket No. 64581, Bucky Harris, Transferee of Assets of Rocket Steel Corporation ; Docket No. 64582, Bucky Harris, Transferee of Assets of Bucky Steel Corporation ; Docket No. 64583, Bucky Harris, Transferee of Assets of Carmen Steel Warehouse, Inc. ; and Docket No. 64584, Bucky Harris and Carmen Harris, Husband and Wife.

the afternoon of October 9, 1956. The Commissioner therefore concludes that since the petitions in bankruptcy were filed before the petitions were filed with the Tax Court it follows that the Tax Court has no jurisdiction.

He cites as authority for this section 274(a) of the Internal Revenue Code of 1939, which provides that "no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy or the appointment of the receiver." The motions do not suggest when, if ever, a receiver was appointed but they do show that the adjudications were made in the latter part of December 1956. The Commissioner has thus not shown, in support of his motions, that the petitions in these cases were filed "after the adjudication of bankruptcy or the appointment of the receiver." Cf. *Plains Buying & Selling Association*, 5 B.T.A. 1147, followed in *M. R. Hoffman*, 7 B.T.A. 303, and *Robert T. Cunningham*, 20 B.T.A. 428. See also *Missouri Pacific Railroad Co.*, 30 B.T.A. 587, and *Comas, Inc.*, 23 T.C. 8. He relies, however, upon a provision in Regulations 118, section 39.274-1(b), as follows:

As used in this section and § 39.274-2, * * * the term "adjudication of bankruptcy" includes, in addition to an adjudication in a proceeding under Chapters I to VII, * * * *the filing of a petition* under * * * Chapters XI to XIII with a court of competent jurisdiction. [Emphasis added.]

No one has authority to change by Treasury regulations the plain provisions of section 274(a) of the Internal Revenue Code of 1939 quoted above with respect to the jurisdiction of the Tax Court. *Molly-'es Doll-outfitters, Inc.*, 38 B.T.A. 1. The Commissioner of Internal Revenue, representing the Treasury Department, is a party in all tax proceedings before the Tax Court and obviously one litigant cannot write into the law limitations on the jurisdiction of the Court as to the other party by his own regulations. Thus, if the intention of this regulation was to preclude the jurisdiction of the Tax Court where a petition was filed before adjudication or appointment of a receiver but after the filing of a petition in bankruptcy, then the regulatory powers conferred upon the Treasury have been exceeded and to that extent the regulation has no force or effect.

However, sections 39.274-1 and 39.274-2 of Regulations 118 show by their contexts that they were not intended to have any effect on the jurisdiction of the Tax Court in bankruptcy and receivership cases. The provisions contained therein were designed obviously for the information and guidance of trustees or other persons in possession of assets and for the information and guidance of the Internal Revenue Service in connection with the assessment and collection of taxes where bankruptcy or receivership proceedings are involved. The Tax Court is not concerned with such matters. There

is no direct mention of the jurisdiction of the Tax Court either in section 39.274–1 or in section 39.274–2, although in the latter, prosecution of the taxpayer's appeal before the Tax Court and what can be done in regard to assessment and collection while a proceeding is pending before the Tax Court are discussed. Nevertheless, there is nothing in that discussion to indicate that those provisions were intended to have any effect upon the jurisdiction of the Tax Court.

Whoever decided to cite here section 39.274–1(b) of Regulations 118 was mistaken as to its purpose and effect since it was not intended to have and could not have the purpose for which it is cited.

The motions have been denied.