**In the Matter of Pearl A. ORENDUFF, Bankrupt.**

**No. 10358.**

United States District Court
N. D. Oklahoma.

Feb. 17, 1964.

Ungerman, Grabel, Ungerman & Leiter, Tulsa, Okl., for petitioner.

Conderman & Talkington, Iola, Kan., for respondent.

DAUGHERTY, District Judge.

The above-styled cause is before the Court on the petition of the Bankrupt to review the order of the Referee in Bankruptcy, entered on August 1, 1963, which revoked the discharge of the Bankrupt. Upon consideration of the whole record and the briefs submitted, the Court finds that said order of revocation should be affirmed.

The Referee found that the creditor's Exhibits one through five were pertinent to the administration of the bankrupt's estate and contained information relating to property interests of the bankrupt and certain other operators with whom the bankrupt was associated; that a discharge in bankruptcy was granted on May 16, 1962, and on August 16, 1962, an

order was entered by the United States District Court directing certain parties in Missouri to turn over records belonging to the bankrupt to the Court; said order was carried out by the U. S. Marshal and the records received on August 22, 1962; that on November 27, 1962, the Trustee filed a petition to revoke the discharge of the bankrupt; the bankrupt filed a motion to dismiss the petition which resulted in the petitioner, Birdwell, filing a petition to revoke the discharge on March 6, 1963, and the withdrawal of the Trustee's petition; that at the time the discharge was granted grounds existed because of the conduct of the bankrupt sufficient to constitute her guilty of a crime under Title 18, U.S.C. Section 152; that all of the circumstances of this case show numerous attempts to secure all the records involved and that the bankrupt failed to turn over the said records; that the records do affect and relate to the property and affairs of the bankrupt.

The Referee concluded as a matter of law that the petitioner, Birdwell, was not guilty of undue laches in petitioning to revoke the discharge; that the involved records were wilfully withheld by the bankrupt from the Trustee and that this conduct is sufficient to constitute a crime under Title 18, Section 152; that the discharge of the bankrupt was obtained through fraud and that the knowledge of the fraud has come to the petitioner since the granting of the discharge; that had the actual facts pertaining to this matter been known to the Court on May 16, 1962, it would have been sufficient to have warranted a denial of the discharge at that time.

█ It is well settled that this Court must accept the Referee's findings of fact unless they are clearly erroneous. In Re Leach, D.C., 197 F.Supp. 513, 518.

The Court has minutely examined and considered the entire record in this case, together with the briefs, and has concluded that the Referee's findings of fact are based upon substantial evidence and are not clearly erroneous. In Re Leach, supra. In addition to the substantive evidence, the Referee had the opportunity to observe the demeanor of the interested parties while they were testifying, and to judge their credibility as witnesses. In Re Leach, supra. His findings are fully sustained by the record. Therefore, the only other question is whether the conclusions of law made by the Referee are correct.

█ The authority of the court to revoke a discharge in bankruptcy is limited. It can be exercised only upon a petition complying with 11 U.S.C. § 33, which statute provides:

"The Court may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it if it shall be made to appear that it was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the petitioners since the granting of the discharge and that the actual facts did not warrant the discharge."

The record discloses that the books, records and documents herein involved, were very voluminous and that they were in a "mess" when received by the attorneys for the petitioner. The said materials were received on August 22 and the petition for revocation was filed on November 27. The whole record clearly shows that the correlation of the material was an awesome job and there has been no evidence indicating any laches on the part of the petitioner. Also the period of time between the filing of the petition for revocation by the Trustee on November 27, 1962, and the petition of the creditor filed on March 6, 1963, cannot be considered in determining laches because a legal question has been raised by the bankrupt concerning the right of the Trustee to petition for revocation which ultimately resulted in the withdrawal of the Trustee's petition. The petitioner Birdwell, the record reveals, has shown

facts to prove the absence of undue laches. See In Re Popovich, 2 Cir., 105 F.2d 154.

18 U.S.C. Section 152, provides in part that "whoever, * * * knowingly and fraudulently conceals, * * * any document affecting or relating to the property or affairs of a bankrupt;" is guilty of a crime and violates the Bankruptcy Act.

The record clearly reveals that the bankrupt had knowledge of the involved material and that she did not disclose them to the Trustee or his attorneys. Bankrupt admitted access to the material and for the first time claimed they were stolen by the parties from whom they were ultimately recovered. At all times the bankrupt asserted that the information contained in the material was a duplication of items furnished to the Trustee by other means. Upon close examination of a representative group of the material the Referee found that this assertion was not substantially true.

The grounds necessary for revocation of a discharge in bankruptcy due to fraud are that the bankrupt was guilty of such acts as would sustain a civil action for fraud or deceit, and that the statements were either knowingly false or fraudulent, or made so recklessly as to warrant a finding that he acted fraudulently. A false representation does not amount to fraud at law unless it be made with a fraudulent intent. There is fraudulent intent if a man, either with a view of benefitting himself or misleading another into a course of action, makes a representation which he knows to be false or which he does not believe to be true. In Re Leach, supra, 197 F.Supp. at 519.

There can be no doubt from the record that the bankrupt had access to the material and that she did not reveal the material to the Trustee or his attorneys. Further the duplication assertion was found to be substantially not true. The whole record is clear in pointing out the bankrupt's lack of good faith and her failure to disclose the material

was misleading to the degree that it must be labeled fraudulent.

It is therefore ordered that the Referee's order, dated August 1, 1963, revoking discharge of the said bankrupt is affirmed.