334 F.2d 339
 Frank J. ABEL (Arlene Abel Cummins, as Temporary Administratrix of the Estate of Frank J. Abel, Deceased, Substituted in the place and stead of Frank J. Abel), Appellant,
v.
Ellis CAMPBELL, Director of Internal Revenue, Appellee.
 No. 20935.
 United States Court of Appeals Fifth Circuit.
 July 10, 1964.
 Rehearing Denied September 2, 1964.
 
 John W. Price, Stephen L. Mayo, Dallas, Tex., for appellant.
 Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D. C., H. Barefoot Sanders, Jr., U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., Arthur E. Strout, Meyer Rothwacks, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., for appellee.
 Before TUTTLE, Chief Judge, RIVES and WISDOM, Circuit Judges.
 WISDOM, Circuit Judge.
 
 
 1
 In this action the plaintiff, Frank J. Abel, seeks to enjoin the Director of Internal Revenue from foreclosing a tax lien on the plaintiff's home. The district court held that Section 7421(a)[1] of the Internal Revenue Code of 1954 barred injunctive relief and granted the Director's motion for summary judgment. The taxpayer[2] appealed. We affirm.
 
 I.
 
 2
 In January 1957 the Commissioner of Internal Revenue determined a deficiency in the taxpayer's income tax return for 1953. While the deficiency was being processed, the taxpayer filed a voluntary petition in bankruptcy. By letter, August 9, 1957, addressed to "Mr. Frank J. Abel c/o Philip I. Palmer, Jr., Trustee", the Commissioner notified the taxpayer of the impending assessment. In September 1957, after the bankruptcy, the Commissioner assessed an income tax deficiency against Abel for 1953. Later, the Commissioner filed with the Referee in Bankruptcy a proof of claim for $11,740.40 covering the 1953 tax and other taxes. There was no objection to the proof of claim. The taxpayer, however, had protested the tax deficiency and his attorney had conferred with the agents of the Service in regard to the deficiency. In due course, the Referee allowed the proof of claim but the bankruptcy estate was not large enough to satisfy the claim. The United States then sought to foreclose its lien on the taxpayer's home, property exempt from bankruptcy.[3]
 
 
 3
 The taxpayer, desiring to attack the assessment in the Tax Court, under Section 6213(a),[4] filed suit in the district court to enjoin the impending foreclosure of the tax lien. The district court dismissed the suit. This Court affirmed the dismissal. Abel v. Campbell, 5 Cir. 1962, 309 F.2d 751. In a very brief per curiam opinion, citing only Enochs v. Williams, 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, we held that the "complaint did not allege facts that would bring it within any exception to Section 7421(a)." The taxpayer then amended his complaint, alleging that the United States is barred from relying on Section 7421(a) of the 1954 Code because of the Director's failure to comply with Sections 6212 and 6213. The district court again dismissed the suit.
 
 II.
 
 4
 Section 7421(a) of the Internal Revenue Code of 1954 provides that "no suit for the purpose of restraining the * * * collection of any tax shall be maintained in any court." There are two narrow exceptions to this general proscription. First, if the provisions of Section 6212(a) and (c) and Section 6213(a) (3) have not been complied with, a taxpayer may enjoin an assessment as part of the statutory scheme for contesting a deficiency before the Tax Court of the United States. Second, he may obtain injunctive relief when "it is clear that under no circumstances could the Government ultimately prevail". Enochs v. Williams Packing Co. & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125. Neither exception applies here. The first does not apply to a taxpayer in bankruptcy. As for the second exception, we reiterate our holding on the first round of this litigation.
 
 
 5
 The taxpayer's contention that Section 7421(a) does not prevent this suit, because the last sentence of Section 6213(a) specifically allows an injunction, fails to take into account the special procedure established by Sections 6871-6873 of the Code.[5] Section 6871(a) provides for an immediate assessment of a deficiency upon the adjudication of bankruptcy of any taxpayer, "despite the restrictions imposed by section 6213(a) upon assessments". There is good reason for such a provision: if the Commissioner could be enjoined from assessing his claim against a bankrupt taxpayer during the ninety day waiting period plus the period during the pendency of a Tax Court proceeding, the bankrupt's assets in the control of the trustee might be distributed before the tax claim could be perfected. The legislative history makes clear the intent of Congress that Section 6871 was meant to "take the case from the jurisdiction of the United States Board of Tax Appeals [now the Tax Court of the United States] in cases of deficiency." H.Rep.No.704, 73rd Cong., 2d Sess., p. 34 (1939), 1939-1 Cum.Bull. 554, 580.
 
 
 6
 The taxpayer asserts that the Section 6871 bar to Tax Court proceedings does not extend to Section 6873. Every indication is to the contrary. Section 6873(a) reads:
 
 
 7
 "(a) General Rule. — Any portion of a claim for taxes allowed in a receivership proceeding or any proceeding under the Bankruptcy Act which is unpaid shall be paid by the taxpayer upon notice and demand from the Secretary or his delegate after the termination of such proceeding."[6]
 
 
 8
 Sections 6871-6873 present an integrated procedure designed to protect the Government's interest in bankruptcy property. At the same time, the bankrupt taxpayer's interest is also protected by the trustee and by the bankrupt himself. The merits of the deficiency can be fully aired in that bankruptcy proceeding. Because the tax liability survives the adjudication in bankruptcy, the bankrupt has standing to attack the proof of claim before the Referee and a right to appeal an adverse judgment as would an ordinary creditor under Chapter 6 of the Bankruptcy Act, 11 U.S.C. §§ 91-96. American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.A., 2 Cir. 1960, 280 F.2d 119; Menick v. Hoffman, 9 Cir. 1953, 205 F.2d 365; United States v. Walley, S.D.Cal. 1958, 160 F.Supp. 67, rev'd on other grounds, 9 Cir. 1958, 259 F.2d 579; 8 Remington on Bankruptcy § 3317, n. 11b.
 
 
 9
 Section 17 of the Bankruptcy Act, providing for the non-dischargeability of Federal tax claims, "demonstrates congressional judgment that certain problems — e. g., those of financing government — override the value of giving the debtor a wholly fresh start." Bruning v. United States, 1964, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772. This can indeed bring on harsh results. But the taxpayer cannot contend that the procedure of Sections 6871-6873 puts the bankrupt in a worse position to protect his exempt or after-acquired property than the non-bankrupt who has recourse to the Tax Court. Having failed to use his first opportunity to contest the deficiency, he must now pay the tax in accordance with Section 6873. See Treas. Reg. § 301.-6863-1.
 
 
 10
 In a well reasoned opinion by Judge Hastie, Cohen v. Gross, 3 Cir. 1963, 316 F.2d 521, the Third Circuit has held that Sections 6871-6873 procedures completely supersede the Tax Court procedures:
 
 
 11
 "[O]nce a tax claim has been asserted and allowed in a bankruptcy proceeding, though not collected therein because of the lack of assets, neither the language of the Code nor the sense of the situation suggests that any of the procedure of section 6213 again becomes prerequisite to the establishment and collection of that particular tax liability. Indeed, we think that the contrary is implied by the statutory provision that once a tax claim has been allowed in bankruptcy, the government is empowered to collect, by levy upon the taxpayer's after-acquired property, any portion of the claim that has not been satisfied out of the bankrupt estate." 316 F.2d at 523.
 
 
 12
 Kornberg v. Tomlinson, S.D.Fla.1964, 225 F.Supp. 70, follows Cohen v. Gross. Kornberg rests on Section 6871 alone; although the Government's claim against a bankrupt was not even presented in the bankruptcy proceedings, the taxpayer was barred from access to the Tax Court.
 
 
 13
 In the taxpayer's view, Section 6871 (a) waives the requirements of Section 6213(a) only as to that part of the deficiency to be satisfied out of the bankruptcy estate. In support of this argument he relies on Walley v. United States, 9 Cir. 1958, 259 F.2d 579, holding that an adjudication in bankruptcy is strictly an in rem proceeding with power over only the bankruptcy estate. In the Walley case an assessment was made in the bankruptcy court, but only a part of it was satisfied out of the bankruptcy estate. More than six years later the Government filed an action against the taxpayer for the remainder due. The taxpayer asserted that the action was barred by Code section 6502(a), which requires collection within six years of assessments. The Government argued that section 6502(a) did not apply because the suit was not an original suit on the assessment but rather a suit on a prior judgment entered by the bankruptcy court. The court held that the suit was barred since the bankruptcy court had only in rem jurisdiction.
 
 
 14
 A section 6331 income tax levy does not require a prior judgment. All that is required is an assessment; and an assessment, even where section 6213 (a) is followed, is in no way similar to an in personam judgment, but is merely a recording of the liability of the taxpayer in the office of the Secretary or his delegate. See Code sections 6301, 6302. The limited power of the bankruptcy court to render in rem judgments, therefore, in no way affects the power of the Secretary to make assessments. And the in rem concept does not alter the fact that the taxpayer had an opportunity to contest the Government's claim in the bankruptcy proceeding.
 
 
 15
 The Government's right to an assessment is the right to have an administrative determination of liability. This right does not require a prior judicial adjudication on the merits of the deficiency, nor does an assessment constitute such an adjudication. Bull v. United States, 1935, 295 U.S. 247, 259-260, 55 S.Ct. 695, 699-700, 79 L.Ed. 1421, 1427.
 
 
 16
 The taxpayer is equally unconvincing when he argues that to deprive him of his access to the Tax Court is a deprivation of property without due process of law. Even if it were not open to the taxpayer to contest the claim in the bankruptcy proceeding,
 
 
 17
 "[w]here only property rights are involved, mere postponement of the judicial inquiry is not a denial of due process, if the opportunity given for the ultimate judicial determination of the liability is adequate. Springer v. United States, 102 U.S. 586, 593, 26 L.Ed. 253 [256]; Scottish Union & National Insurance Co. v. Bowland, 196 U.S. 611, 631, 25 S. Ct. 345, 49 L.Ed. 619 [627]." Phillips v. Commissioner, 1930, 283 U.S. 589, 596-597, 51 S.Ct. 608, 611, 75 L.Ed. 1289, 1297.
 
 
 18
 The complete answer to all of the issues the taxpayer raises here is that they are not raised in a proper case. The taxpayer has not brought himself within the specific statutory exception to the bar against injunctions (Sections 6212(a) and (c) and 6213(a)).
 
 
 19
 The statutory scheme reveals that Congress considered which party should bear the burdens incident to judicial determination of tax liability. The choice was between (1) the risks of requiring the taxpayer to rely on the Government's administrative assessment of tax liability pending judicial determination and (2) the risks of requiring the Government to rely on the judgment of district courts acting on application for preliminary injunction pending final judicial determination of tax liability. Congress made its choice in the interest of the national fisc. The power of Congress to make this determination and to require its recognition by federal courts is an essential part of the broader power of Congress to assure the nation's fiscal responsibility.
 
 
 20
 The judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 § 7421. Prohibition of suits to restrain assessment or collection
 (a) Tax. — Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.
 
 
 [2]
 During the pendency of this appeal, the taxpayer died and his widow, as administratrix, has been substituted as plaintiff
 
 
 [3]
 11 U.S.C. § 35, sub. a(1) provides that federal tax claims are not dischargeable in bankruptcy
 
 
 [4]
 § 6213. Restrictions applicable to deficiencies; petition to Tax Court
 (a) Time for filing petition and restriction on assessment. — Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90 days * * * period, * * * nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in a proper court.
 
 
 [5]
 "§ 6871. Claims for income, estate, and gift taxes in bankruptcy and receivership proceedings
 "(a) Immediate assessment. — Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, the approval of a petition of, or against, any taxpayer in any other bankruptcy proceeding, or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency . . . determined by the Secretary or his delegate in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law."
 
 
 [6]
 Taxpayer contends that the Government gave no notice or demand before proceeding to levy upon his property. Only minimal notice is required and taxpayer must have had at least such notice in order to institute this suit for injunction