PEARL A. ORENDUFF, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 969–66. Filed January 4, 1968.

Pearl A. Orenduff, pro se.
*Robert S. Leigh*, for the respondent.

OPINION

FEATHERSTON, *Judge:* The Commissioner, on August 18, 1967, filed a motion to dismiss this proceeding for lack of jurisdiction. The question is whether Code section 6871 of the Internal Revenue Code of 1954 [1] denies this Court jurisdiction to redetermine deficiencies and additions to tax for prebankruptcy years where such deficiencies were neither assessed nor claimed in bankruptcy proceedings closed prior to the issuance of the notice of deficiencies.

We hold that this Court has jurisdiction of the petition.

On April 7, 1961, there was filed against the petitioner in the United States District Court for the Northern District of Oklahoma an involuntary bankruptcy proceeding, and petitioner was adjudicated a bankrupt by the District Court on July 5, 1961. Thereafter, on May 16, 1962, petitioner was granted a discharge in the bankruptcy proceeding. On August 1, 1963, the referee ordered that the proceeding be reopened and that the discharge in bankruptcy theretofore granted be revoked because it was obtained "through the fraud of the bankrupt." On review, the order of the referee was affirmed. *In Re Orenduff*, 226 F. Supp. 312 (N.D. Okla. 1964). The proceeding was reopened and, thereafter, on January 8, 1965, the District Court entered a new order approving the account of the trustee, discharging him, and closing the bankrupt's estate.

On December 1, 1965, respondent sent a notice of deficiency to petitioner setting forth deficiencies and additions to the tax for the years 1956 through 1960, years for which the petitioner filed no tax returns. Petitioner filed a timely petition for redetermination of the deficiencies.

Code section 6212(a) provides that if the Secretary or his delegate determines that there is a deficiency in income taxes, he is authorized to send a notice of such deficiency to the taxpayer. Section 6213(a) provides that the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency, and prohibits the assessment of the deficiency for 90 days, or, if a petition is filed, until the decision of the

---

[1] All section references are to the Internal Revenue Code of 1954, unless otherwise noted.

Tax Court becomes final. Section 6871,[2] however, provides a special procedure when the taxpayer has been adjudicated a bankrupt or placed in receivership. Subsection (a) of that section provides that "Upon the adjudication of bankruptcy of any taxpayer * * * any deficiency * * * determined by the Secretary or his delegate * * * shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed * * * ." Subsection (b) of section 6871 provides that "claims for the deficiency * * * may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending * * * ." The subsection further provides that "no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy * * * ."[3]

Respondent contends that this case falls within the plain language of section 6871, and, hence, this Court is without jurisdiction. He reads section 6871 to deny this Court jurisdiction of any petition for redetermination for any prebankruptcy years of a taxpayer regardless of whether such years were the subject of the immediate assessment procedure provided by the section. He contends that, since section 6871(b) contains no exceptions from its general prohibition, the fact that the bankruptcy proceedings were no longer pending at the time of respondent's determination of a deficiency is immaterial. We disagree.

Section 6871(b) is an exception to section 6213 which provides the basis for Tax Court jurisdiction. Its predecessor was enacted as section 282 of the Revenue Act of 1926 and its purpose was explained as follows (S. Rept. No. 52, 69th Cong., 1st Sess., p. 31 (1926)):

During bankruptcy proceedings * * * the assets of the taxpayer are placed within the control of the bankruptcy court * * * whenever the taxpayer has been

---

[2] SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS.

.(a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, * * * any deficiency (together with all interest, additional amounts, or additions to the tax provided by law) determined by the Secretary or his delegate in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.

(b) CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS.—In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is re- .quired by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.

[3] The Tax Court is not deprived of jurisdiction where the adjudication of bankruptcy or appointment of a receiver occurs subsequent to the filing of a petition with the Tax Court; in such circumstances the jurisdiction of the bankruptcy or receivership court and the Tax .Court are concurrent. *Bucky Harris*, 32 T.C. 1216 (1959).

finally adjudicated a bankrupt * * *. If during the pendency of the bankruptcy or receivership proceeding, a proceeding is pending before the board [i.e., the Board of Tax Appeals, now the Tax Court] or on appeal therefrom for the redetermination of a deficiency, the Commissioner of Internal Revenue would, despite a favorable decision for the Government, be unable to assess and distrain upon the assets under the control of the bankruptcy or equity court. The section therefore provides, in case of determination of deficiency, * * * the deficiency shall be assessed and the claim presented to the bankruptcy or equity court. * * *

In view of this explanation we believe Congress intended the prohibition of subsection (b) of section 6871 to apply only when the deficiency has been assessed under the immediate assessment procedures authorized in subsection (a). It does not apply where, as here, the determinations of deficiencies are made after the bankruptcy or receivership proceedings are closed.

The section, as explained by the Senate committee report, was designed to place in the same court the power to adjudicate tax claims as well as the power to distribute the assets available for application on such claims. Otherwise, the assets of the debtor might be distributed before the tax claim could be perfected through the generally applicable administrative and Tax Court procedures. *Abel* v. *Campbell*, 334 F. 2d 339 (C.A. 5, 1964). This legislative purpose, on the other hand, does not require that a taxpayer be denied access to this Court when a completely new deficiency, neither assessed nor claimed in the bankruptcy court, is determined after the bankruptcy or receivership proceedings are closed.

Nor do we read the literal language of section 6871 to deny this Court jurisdiction of the petition. Subsection (a) provides for the immediate assessment of deficiencies following an adjudication of bankruptcy or the appointment of a receiver despite the restrictions of section 6213(a). The first clause of subsection (b) grants to the bankruptcy or receivership court jurisdiction concurrent with that of this Court of any deficiency so assessed where a Tax Court proceeding is already pending. The second clause, on which respondent relies, provides that "no petition for any *such redetermination* shall be filed with the Tax Court after the adjudication of bankruptcy," etc. (Emphasis added.) The term "such redetermination," we believe, refers to the redetermination of deficiencies which "may be presented * * * to the court before which the bankruptcy or receivership proceeding is pending," i.e., deficiencies handled under the "immediate" assessment procedures provided for by subsection (a).

Respondent cites *Kornberg* v. *Tomlinson*, 225 F. Supp. 70 (S.D. Fla. 1964), affirmed per curiam 341 F. 2d 300 (C.A. 5, 1965), for the proposition that he need not make an assessment or file a claim in the bank-

ruptcy court for section 6871(b) to apply. But that case does not support such a proposition. The issue there was whether collection of the unpaid taxes could be enjoined after the bankruptcy proceedings were closed because the Government failed to file a timely claim for the taxes in such proceedings. The reasoning of the opinion assumes that the taxes had been assessed and it stands for the proposition that an immediate assessment under section 6871 remains viable after the close of the bankruptcy proceedings even though a timely claim for such assessment was not filed in the bankruptcy court.[4]

We conclude that Congress did not intend section 6871(b) to apply in cases similar to this, and that respondent's motion to dismiss for lack of jurisdiction should be denied.

*An appropriate order will be entered.*

---

[4] One court has intimated that, if all but bankrupts and those in receivership were permitted to contest their taxes without prepayment, serious constitutional problems in the field of equal protection might be presented. *Jamy Corp.* v. *Riddell,* 337 F. 2d 11 (C.A. 9, 1964), but cf. *Abel* v. *Campbell,* 334 F. 2d 339 (C.A. 5, 1964). The fact that our interpretation of the section avoids this problem is support for our view of congressional intent.