ROGER J. PASTORE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7967–81.    Filed April 29, 1982.

*Marvin E. Hagen*, for the petitioner.
*Benjamin A. deLuna*, for the respondent.

### OPINION

DAWSON, *Judge*: This case was assigned to Special Trial Judge Lee M. Galloway for the purpose of conducting the hearing and ruling on petitioner's motion to dismiss for lack of jurisdiction. After a review of the record, we agree with and adopt his opinion which is set forth below.[1]

### OPINION OF THE SPECIAL TRIAL JUDGE

GALLOWAY, *Special Trial Judge*: This matter is before the Court on petitioner's motion to dismiss for lack of jurisdiction filed with this Court on June 25, 1981. Respondent has objected to the motion. The parties have filed briefs stating their positions.

Petitioner's motion and respondent's objection raise the issue of whether this Court lacks jurisdiction under section 6871(b), I.R.C. 1954,[2] to redetermine a deficiency and fraud addition to tax for the 1974 prebankruptcy year where the petitioner had filed a petition for voluntary bankruptcy, had been adjudicated a bankrupt, and had been discharged by the bankruptcy court before filing a petition to respondent's notice of deficiency, which was issued after petitioner's bankruptcy adjudication and discharge. In arriving at our decision, we must consider the effect, if any, of respondent's failure to make an assessment of the tax liability and addition to tax either

---

[1]Since this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule.

[2]All section references are to the Internal Revenue Code of 1954. as amended, unless otherwise indicated.

before or after termination of the bankruptcy proceeding pursuant to section 6871(a), and the failure of both parties to litigate the merits of respondent's timely proof of claim filed during the pendency of that proceeding.

The relevant facts may be summarized as follows:

Petitioner Roger J. Pastore and his then wife, Beverly A. Pastore, filed a timely joint Federal income tax return for the calendar year 1974 with the Director, Internal Revenue Service Center, Ogden, Utah. Beverly A. Pastore is not a party to this proceeding.

On February 2, 1976, the petitioner filed a petition for voluntary bankruptcy in the U.S. District Court for the District of Colorado and on the same date was adjudicated a bankrupt. On February 11, 1976, the Federal District Court for the District of Colorado issued its order setting the first meeting of creditors on February 26, 1976, and thereby fixing the last date on which to file claims as August 26, 1976. The District Court's order also set the date of April 29, 1976, as the last day for the filing of objections to the discharge of the bankrupt and for the filing of complaints to determine the dischargeability of debts claimed to be nondischargeable as provided in section 17c(2) of the Bankruptcy Act, 11 U.S.C. sec. 35(c)(2) (1976).

On August 26, 1976, respondent filed a timely proof of claim in petitioner's bankruptcy proceeding, scheduling as priority claims an estimated income tax liability of $272,029, an estimated addition to tax liability under section 6653(b) of $136,015 and interest of $15,699.43 for the year 1974, and other taxes which are not involved in this proceeding. Respondent has not made assessments against petitioner for income tax, addition to tax, or interest for the year 1974 pursuant to section 6871,[3] as applicable to the year 1974, which provides as follows:

SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS.

(a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, the filing or (where approval is

---

[3]When a taxpayer has been adjudicated a bankrupt, sec. 6871 provides for a special procedure for immediate assessment as well as an exception to the general rules governing jurisdiction of this Court as set forth in secs. 7442, 6212, and 6213.

required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided by law) determined by the Secretary in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.

(b) CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS.—In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.[4]

On August 8, 1977, petitioner was granted a discharge in bankruptcy. On October 3, 1977, the bankruptcy judge entered an order approving the trustee's report of no assets, and on the same date, the estate was closed. The merits of the income tax and addition to tax liabilities, as detailed in respondent's proof of claim, were not litigated by either party in petitioner's bankruptcy proceeding.

On April 6, 1981, respondent mailed a notice of deficiency[5] to petitioner asserting a deficiency in income tax and a fraud addition to tax under section 6653(b) in the amounts of $123,895 and $65,036, respectively, for the calendar year 1974. Petitioner filed a petition with the Tax Court on April 20, 1981, in which he contested both the deficiency in income tax and the addition to tax asserted under section 6653(b). Respondent filed a timely answer to the Tax Court petition and petitioner filed a timely reply.

Petitioner argues, on brief, that under section 6871(b), we

---

[4]Since petitioner filed his petition in bankruptcy prior to Oct. 1, 1979, the provisions of the old Bankruptcy Act rather than the new Bankruptcy Code apply. Bankruptcy Reform Act of 1978, Pub. L. 95–598, sec. 403, 92 Stat. 2683.

[5]Respondent's notice of deficiency was based on his determination that the statute of limitations for the 1974 return was Apr. 15, 1981, pursuant to sec. 6501(e).

lack jurisdiction to redetermine income tax and fraud additions to tax deficiencies for the 1974 prebankruptcy year since respondent filed a proof claim in the bankruptcy proceeding where petitioner was discharged as a bankrupt prior to issuance of respondent's notice of deficiency and the filing of petitioner's petition with this Court.

In 1966, Congress granted the bankruptcy courts additional powers to deal with tax indebtedness by adopting sections 2a(2A) and 17a of the Bankruptcy Act, now 11 U.S.C. sec. 11(a)(2A) and 11 U.S.C. sec. 35(a), respectively. Specifically, new subsection (2A) of section 2a(2A) extended the expressed "invested * * * jurisdiction at law and in equity" of the bankruptcy courts to:

Hear and determine, or cause to be heard and determined, any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction * * * [Pub. L. 89–496, 80 Stat. 270.]

In 1970, Congress further amended section 17 of the Bankruptcy Act, 11 U.S.C. sec. 35, by adding subsection c, which provides:

The bankrupt or any creditor may file an application with the court for the determination of the dischargeability of any debt, * * *

*　　*　　*　　*　　*　　*　　*

[and further] after hearing upon notice, the court shall determine the dischargeability of any debt for which an application for such determination has been filed * * *

We have previously considered how the changes made in the Bankruptcy Act in 1966 and 1970 affected section 6871(b) with respect to our jurisdiction by our decisions in *Sharpe v. Commissioner*, 69 T.C. 19 (1977); *Tatum v. Commissioner*, 69 T.C. 81 (1977); and *Baron v. Commissioner*, 71 T.C. 1028 (1979). In those cases, we held that we were without jurisdiction under section 6871(b) to redetermine either income tax or addition to tax deficiencies. In *Sharpe*, the taxpayer had been adjudicated a bankrupt after filing a petition in bankruptcy and before he filed a petition with this Court. In *Tatum*, the petition with this Court was filed after petitioner had filed a petition pursuant to chapter XI of the Bankruptcy Act. In both *Sharpe* and *Tatum*, respondent had assessed deficiencies for Federal income taxes and additions to tax under section

6871(a) after the filing of the bankruptcy petitions, and filed proofs of claim for only the taxes in the respective bankruptcy proceedings.

In *Baron*, John H. Baron and Ruby A. Baron filed a petition in this Court for a prebankruptcy year after an involuntary petition in bankruptcy had been filed against John, only. The respondent made no assessment against John and did not file a proof of claim in the bankruptcy proceeding. In granting petitioners' motion to dismiss as to John, we stated as follows at 71 T.C. 1032:

> In *Sharpe*, we explained the Court's interpretation of section 6871:
> "It is our present view that by establishing a different method for assessment and collection of taxes where bankruptcy intervenes, Congress intended that 'tax' matters in their entirety be settled by the bankruptcy court under bankruptcy procedures instead of by the Tax Court under the procedures set forth in sections 6212(a) and 6213(a), *except where the Tax Court petition antedates the petition in bankruptcy.* \* \* \* [Emphasis added.]"

We further commented at 71 T.C. 1033:

> As discussed in *Sharpe* and *Tatum*, present bankruptcy law provides the bankrupt taxpayer the right to have his tax liability adjudicated in the bankruptcy proceeding even though the Commissioner has filed no proof of claim for the tax. For a recent illustration, see *In re Harper*, 580 F.2d 165 (5th Cir. 1978). That is, sections 2a(2A) and 17(c) of the Bankruptcy Act afford the taxpayer a prepayment hearing without regard to whether the Commissioner files a claim. \* \* \*

Here, respondent filed a proof of claim in the bankruptcy proceeding. It is well established by the decisions of this and other courts that the bankruptcy court acquires jurisdiction to determine a petitioner's tax liability for the year in issue upon filing of a proof of claim by the respondent. See *Abel v. Campbell*, 334 F.2d 339 (5th Cir. 1964); *Fotochrome, Inc. v. Commissioner*, 57 T.C. 842 (1972); *Sharpe v. Commissioner*, *supra*.

Respondent, on the other hand, relying on *Orenduff v. Commissioner*, 49 T.C. 329 (1968), and *Graham v. Commissioner*, 75 T.C. 389 (1980), argues that this Court has jurisdiction because the Commissioner *did not* avail himself of the immediate assessment procedure provided in section 6871(a) during the bankruptcy proceeding. According to respondent, section 6871(b) limits the jurisdiction of this Court only where there is an open bankruptcy proceeding in which the taxpayer

has chosen to litigate a determined tax deficiency or where respondent has made an assessment under section 6871(a).

In *Orenduff*, we held that this Court had jurisdiction to hear the taxpayer's petition after he had been adjudicated a bankrupt and the bankruptcy proceedings had terminated, although the respondent had not made an immediate assessment of the deficiency pursuant to section 6871(a) and, unlike this case, had not filed a proof of claim in the bankruptcy court. Likewise, in *Graham*, respondent did not make an immediate assessment under section 6871(a) or file a proof of claim with the bankruptcy court after the taxpayer filed a voluntary petition in a no-asset estate. Neither petitioner nor respondent filed an application in the bankruptcy proceeding to determine the dischargeability of the petitioner's tax liability for the prebankruptcy years, and the proceeding was closed and the bankrupt was discharged. We reexamined our *Orenduff* decision in *Graham*, which we noted had a substantially similar factual pattern to that in *Orenduff*, in view of intervening bankruptcy law and court decisions relating to the jurisdictional issue. We concluded that our decision in *Orenduff* remained viable and accordingly held in *Graham* that we had jurisdiction to redetermine the deficiencies and additions to tax.

However, we must determine whether the same result must follow in a case with a factual pattern unlike that of *Orenduff* and *Graham*. Here, respondent filed a proof of claim with the bankruptcy court on August 26, 1976, the last day for filing claims. Petitioner argues that this is the crucial issue which distinguishes *Orenduff* and *Graham*[6] from this case and we must therefore determine whether this factor will tip the scales in favor of petitioner's request that we grant his motion to dismiss his petition.[7]

In *Orenduff v. Commissioner, supra*, we explained our

---

[6]In *Graham v. Commissioner*, 75 T.C. 389 (1980), the petitioner did not make this argument. Although he filed a petition, petitioner did not contest the deficiencies or additions to tax at trial. His primary contention was not the sec. 6871 jurisdictional issue, but whether this Court had jurisdiction to decide whether the income tax deficiencies and additions to tax were discharged in the bankruptcy proceedings.

[7]It is unusual for a petitioner to move to dismiss for lack of jurisdiction, especially when petitioner did not take advantage of his opportunity to litigate the respondent's proof of claim filed in the bankruptcy proceedings. Petitioner suggests that respondent failed to

understanding of the impact of section 6871 on this Court's jurisdiction as follows:

Nor do we read the literal language of section 6871 to deny this Court jurisdiction of the petition. Subsection (a) provides for the immediate assessment of deficiencies following an adjudication of bankruptcy or the appointment of a receiver despite the restrictions of section 6213(a). The first clause of subsection (b) grants to the bankruptcy or receivership court jurisdiction concurrent with that of this Court of any deficiency so assessed where a Tax Court proceeding is already pending. The second clause, on which respondent relies, provides that "no petition for any *such redetermination* shall be filed with the Tax Court after the adjudication of bankruptcy," etc. (Emphasis added.) The term "such redetermination," we believe, refers to the redetermination of deficiencies which "may be presented * * * to the court before which the bankruptcy or receivership proceeding is pending," i.e., deficiencies handled under the "immediate" assessment procedures provided for by subsection (a). [49 T.C. at 332.]

Accordingly, since respondent had made no assessment under the "immediate" assessment procedures of section 6871(a), it would appear that our jurisdictional determination should be resolved in favor of respondent, unless petitioner's factual distinguishment of this case should require a different result. But, although we agree with petitioner that this case and *Orenduff* can be factually distinguished because respondent filed a proof of claim in the bankruptcy proceeding in this case, petitioner has been unable to convince us of any reason why our decision regarding the jurisdictional issue should be different than that in *Orenduff.* We cannot agree that petitioner has forfeited his right to have his tax liability determined in another forum after the bankruptcy proceeding has terminated merely because neither he nor respondent chose to litigate the respondent's proof claim of the estimated income tax deficiency and the addition to tax. Petitioner relies on our decision in *Baron v. Commissioner,* 71 T.C. 1028, 1033 (1979), wherein we stated in part:

Whether or not the deficiency and addition to tax here were, or ever will be, actually litigated in the bankruptcy proceeding, the critical point here is that petitioner had the opportunity to litigate those claims in a prepayment forum. * * *

---

protect his interest by making a timely assessment under sec. 6871(a), which we surmise is one reason for petitioner's motion to dismiss his own petition.

Although petitioner's motion to dismiss for lack of jurisdiction in *Baron* was granted as to John Baron, petitioner's reliance on *Baron* is misplaced since the Baron petition to the Tax Court was filed while the bankruptcy proceeding was still pending.

Petitioner's motion that we dismiss his petition for lack of jurisdiction will be denied.

*An appropriate order will be entered.*