PLAINS BUYING AND SELLING ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9983.   Promulgated January 24, 1927.

> 1. The Board does not have jurisdiction to hear and determine a proceeding filed with it pursuant to the provisions of section 279 (b) of the Revenue Act of 1924, if prior to the filing of the petition there has been an adjudication of bankruptcy of the petitioner.
> 2. The Board is not deprived of jurisdiction where adjudication of bankruptcy of the petitioner occurs subsequent to the filing of a petition with the Board. In such cases the jurisdiction of the courts and of the Board is concurrent.
> 3. The Board has jurisdiction to hear and determine a proceeding filed with it pursuant to the provisions of section 274 (a) of the Revenue Act of 1924, whether such petition was filed prior or subsequent to adjudication of bankruptcy of the petitioner.

*W. Frank Gibbs, Esq.,* for the respondent.

Proceeding for the redetermination of income and profits taxes for the fiscal years ended November 30, 1919, and November 30, 1920. The respondent moved to dismiss on the ground that the petitioner is in bankruptcy and that the Board is therefore without jurisdiction in the premises.   The facts are set out in the opinion.

OPINION.

KORNER, *Chairman:* The issue presented here is the jurisdiction of the Board to hear and determine this proceeding.   The respondent alleges in his motion to dismiss that the petition was filed with the Board subsequent to an adjudication of bankruptcy of the petitioner,

57694°—27——76

on voluntary petition, by the United States District Court for the District of New Mexico. The petitioner denies the allegation of the respondent in this regard, and alleges that it filed its petition with the Board prior to the date of its adjudication in bankruptcy. Respondent insists that notwithstanding the allegations of the petitioner, the Board is deprived of jurisdiction by section 282 (a) of the Revenue Act of 1926 when the petitioner is adjudicated a bankrupt.

The case was submitted on the pleadings and the facts are very meagre. The Board has not had the benefit of briefs from either side on the law or the facts. From the record it appears that an incomplete petition was filed with the Board on December 15, 1925. That petition contains no information bearing on the issue here. Respondent served notice that he would move to dismiss under the Board's rules on March 29, 1926. On March 23, 1926, an application for leave to file amended and supplemental petition was filed. This application was signed "O. C. Cox, Attorney for Petitioner and Trustee in Bankruptcy." It was verified by J. B. McGhee, trustee in bankruptcy. This application avers that the petitioner was, on November 27, 1925, adjudicated a bankrupt, on voluntary petition, in the United States District Court for the District of New Mexico, and that on or about November 21, 1925, a petition had been filed with this Board on behalf of the petitioner. Leave was granted to the petitioner to file amended and supplemental petition, and this was done on April 29, 1926. This amended petition likewise alleges the bankruptcy of the petitioner on November 27, 1925, and is signed by the attorney for the trustee and is verified by the trustee. On motion therefor, time was granted the respondent to answer or move with respect to the petition. On October 10, 1926, respondent moved to dismiss on the ground that the Board is without jurisdiction. The petitioner joined issue on the motion of the respondent and alleged that it "has filed no petition for redetermination with the Board after the adjudication in bankruptcy, but on the contrary," it filed an amendment to "a petition theretofore filed by the taxpayer * * * a long time prior to its adjudication in bankruptcy."

Attached to the amended petition is a copy of the statutory deficiency notice of October 19, 1925. The portion of that letter which is material here is as follows:

An examination of your claim for abatement of $547.35, representing additional tax assessed in accordance with Section 274 (d) of the Revenue Act of 1924 and your return for the fiscal year ended November 30, 1920, discloses a deficiency of $547.36 as outlined in office letter dated July 27, 1925, as shown in attached statement. The claim will, therefore, be disallowed in full.

In accordance with the provisions of Section 279 (b) of the Revenue Act of 1924, you are allowed sixty days from the date of this letter within which to file an appeal to the Board of Tax Appeals contesting in whole or in part the correctness of this determination.

From the foregoing it appears that, for the fiscal year 1919, assessment was made pursuant to section 274 (d) of the Revenue Act of 1924, and that abatement claim was filed and rejected on October 19, 1925. Thus, the petitioner's right of appeal arose under section 279 (b) of the Revenue Act of 1924. That Act is entirely silent as to the Board's jurisdiction in the situation presented here. However, that difficulty is solved by reference to section 283 (k) of the Revenue Act of 1926, wherein it is provided:

(k) Where before the enactment of this Act a jeopardy assessment has been made under subdivision (d) of section 274 of the Revenue Act of 1924 (whether of a deficiency in the tax imposed by Title II of such Act or of a deficiency in an income, war-profits, or excess-profits tax imposed by any of the prior Acts enumerated in subdivision (a) of this section) all proceedings after the enactment of this Act shall be the same as under the Revenue Act of 1924, as amended by this Act, except that—

*     *     *     *     *     *     *

(3) In the consideration of the case the jurisdiction and powers of the Board shall be the same as provided in this Act in the case of a tax imposed by this title.

To the extent, then, of the controversy growing out of the rejection of the petitioner's abatement claim for the fiscal year 1919, the jurisdiction and powers of the Board must be found in section 282 (a) of the Revenue Act of 1926, under the circumstances existing here.

In the same statutory deficiency letter of October 19, 1925, the Commissioner notified petitioner of a *deficiency* in tax for the fiscal year 1920. The right of appeal therefrom likewise arose under the Revenue Act of 1924. The Revenue Act of 1926, however, makes specific provision for the jurisdiction and powers of the Board under such circumstances. Such provision is found in section 283 (b) of the last-mentioned Act.

In view of the fact that there are three distinct phases of the jurisdictional question presented here, arising under and governed by different sections of the Revenue Act of 1926, we shall take them up separately and discuss in order the jurisdiction of the Board (1) in the case of the rejection, pursuant to the Revenue Act of 1924, of petitioner's abatement claim filed against a jeopardy assessment, when the petitioner was in bankruptcy at the time of the filing of its petition, (2) in the case of the rejection, pursuant to the Revenue Act of 1924, of petitioner's abatement claim filed against a jeopardy assessment, when the adjudication of bankruptcy

occurs subsequent to the filing of the petition with the Board, and (3) in the case of the determination of a deficiency pursuant to section 274 (a) of the Revenue Act of 1924 and appeal therefrom filed pursuant to that Act, when the adjudication of bankruptcy occurred either before or after the filing of a petition with the Board.

1. We have shown above that the first phase of this question is controlled by section 282 (a) of the Revenue Act of 1926. That Act does not leave open to question the fact that the Board is without jurisdiction of a proceeding wherein the petition (filed pursuant to that Act) was filed subsequent to an adjudication of bankruptcy. That section says: "No petition for any such redetermination *shall be filed* with the Board after the adjudication of bankruptcy or the appointment of the receiver." But what if the petition had been already filed pursuant to a prior Act? For the answer to this query recourse is had to other provisions of the Revenue Act of 1926. We have shown above that, in the case of a jeopardy assessment, assessments made pursuant to section 274 (d) of the Revenue Act of 1924, the jurisdiction and powers of the Board shall be the same as provided in the Revenue Act of 1926 in the case of a tax imposed by that Act. (Revenue Act of 1926, section 283 (k).) It should be borne in mind that the provision just mentioned is limited and does not have application to appeals filed under, and from determinations pursuant to, section 274 (a) of the Revenue Act of 1924. That phase of the question will be discussed later under paragraph 3 of this opinion.

2. The language of section 282 (a) of the Revenue Act of 1926 is not so specific with reference to the jurisdiction of the Board in a case where a petition is filed with the Board prior to bankruptcy. It does not, in specific terms, cover such a case. It provides that, in the event of bankruptcy, the Commissioner shall immediately assess, despite the provisions of section 274 (a). The section then continues:

Claim for the deficiency and such interest, additional amounts and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board  *  *  *.

The foregoing might indicate that in such event the court and the Board would have concurrent jurisdiction, and that the Commissioner might file claim with the bankruptcy court or abide the determination of the issue in the proceeding before the Board. However, the language just quoted does not specifically indicate what becomes of the proceeding before the Board in the event claim *is* filed in the bankruptcy court, or in the event of a motion such as we now have

before us. It is necessary to review the legislative history of section 282 for light on this point.

Section 282 did not appear in the Revenue Bill as adopted by the House and introduced in the Senate, in so far as it relates to matters of bankruptcy and receivership. It first appeared as an amendment offered by the Finance Committee of the Senate and reported by Senator Smoot to the Senate on January 16, 1926. (H. R. 1, Report No. 52, 69th Cong., 1st Sess.) Section 282 (a), as constituted by the amendment referred to, contained the following:

> *If any proceeding* for redetermination of such deficiency under the provisions of this Act *is pending before the Board at the time of such adjudication of bankruptcy or appointment of a receiver* and no decision of the Board, final or otherwise, has been rendered therein, then such *proceeding shall be dismissed by the Board. (Ibid*, p. 149.) (Italics ours.)

The Report of the Committee on Finance, accompanying H. R. 1, at page 31, contains the following:

> *If petition for a redetermination has been presented to the board but is not an appeal therefrom, the proceedings shall be dismissed* and the deficiency assessed and claim therefor presented to the bankruptcy or equity court. If proceedings for determination of a deficiency are on appeal before the Circuit Courts of Appeal or the United States Supreme Court, the committee deems it advisable to permit these courts finally to determine the deficiency rather than dismiss the proceeding. Pending such final decision on appeal, claim for the amount of the deficiency may be presented to the bankruptcy or equity court in the amount allowed by the board, or if decision is reached by such appellate courts prior to the termination of the receivership or bankruptcy proceedings, then such claim may be modified to accord with the decision. (Italics ours.)

The amendment comprising section 282 (a) underwent a change in the Senate. As the Act passed the Senate on February 1, 1926, the provision quoted above from the Act as it was reported to the Senate by the Finance Committee was dropped from the Act. The Act as it was passed in the Senate, agreed to in conference between the Senate and the House, and finally enacted into law, was as follows:

> Sec. 282. (a) Upon the adjudication of bankruptcy of any taxpayer in any bankruptcy proceeding or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) determined by the Commissioner in respect of a tax imposed by this title upon such taxpayer shall, despite the provisions of subdivision (a) of section 274, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. Claim for the deficiency and such interest, additional amounts and additions the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board; but no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy or the appointment of the receiver. (See H. R. 1, February 1, 1926, as

passed by the Senate on that date; H. R. 1, as agreed to in Conference, February 22, 1926.)

In commenting on the Act as it was reported out of conference, the managers on the part of the House made the following statement:

Amendment No. 89: The Senate amendment adds a new section, the House bill containing no corresponding provisions. The House recedes with an amendment making a clerical change. The provisions of the Senate amendment are summarized in the following paragraphs.

During bankruptcy proceedings or State or Federal receivership proceedings the assets of the taxpayer come within the control of the bankruptcy or equity court whenever the taxpayer has been finally adjudicated a bankrupt by the bankruptcy court or the receiver has been finally appointed by the equity court. If a deficiency is determined by the commissioner during the pendency of such proceedings, the amendment permits the deficiency to be assessed and the bankruptcy or receivership proceedings to continue despite the prohibitions of section 274 (a). If a petition for the redetermination of a deficiency has been filed with the board prior to the adjudication of bankruptcy or the appointment of a receiver, the amendment permits the proceedings for the redetermination of the deficiency to be continued simultaneously with the bankruptcy or receivership proceedings. The claim for the amount of the deficiency may, or course, be filed with the bankruptcy or equity court. In case of final decision of the board before termination of the bankruptcy or receivership proceedings, a copy of the decision could be filed with the bankruptcy or equity court and the decision would presumably be followed by such courts. During the pendency of the bankruptcy or receivership proceedings a deficiency may be assessed in accordance with the final decision of the board, but the amount thereof may not be collected by distraint against the assets while under the jurisdiction of the bankruptcy or equity court. (See Conference Report, Report No. 356, House of Representatives, Feb. 22, 1926, p. 45.)

The foregoing legislative history is strongly indicative of the intention of Congress to confer concurrent jurisdiction in the court and in the Board in the event that a petition for a redetermination is pending before the Board at the time of adjudication of bankruptcy. It should be noted that the filing of the claim in the bankruptcy court is permissive in the Commissioner. The language used by the Conference Committee, in so far as it interprets the intent of Congress, seems almost conclusive on the matter of jurisdiction, wherein it is said: "In case of final decision of the board before termination of the bankruptcy or receivership proceedings, a copy of the decision could be filed with the bankruptcy or equity court * * *." If the Board is required to dismiss the proceeding in the advent of bankruptcy, there could be no final decision of the Board before termination of the bankruptcy, and the foregoing exposition of congressional intent is meaningless. To like effect, the following sentence: "During the pendency of the bankruptcy or receivership proceedings, a deficiency may be assessed in accordance with the final decision of the board, but the amount thereof may not be collected by distraint against the assets while under the jurisdic-

tion of the bankruptcy or equity court." This would seem plainly to indicate that the Board may pursue the case to completion and render judgment, and that the Commissioner may, pursuant to such judgment, make assessment of the deficiency; but that he can then go no further in the matter of collection while the assets are in the hands of the bankruptcy court. But perhaps the plainest indication of congressional intent is found in the deliberate deletion from the Act of the language expressly providing that a proceeding should be dismissed by the Board upon the incidence of bankruptcy.

In view of the legislative history of section 282 (a) of the Revenue Act of 1926, we conclude (1) that in the case of the rejection, pursuant to the Revenue Act of 1924, of petitioner's abatement claim filed against a jeopardy assessment, when the petitioner had been adjudicated bankrupt at the time of filing of its petition, under the Revenue Act of 1924, the Board is without jurisdiction to hear and determine the proceeding, and (2) that under similar circumstances, but where the adjudication occurs subsequent to the filing of the petition with the Board, the Board retains jurisdiction and that such jurisdiction is concurrent in the Board and in the bankruptcy court.

Applying these conclusions to the facts in the instant case, we are of opinion that the proceeding should be dismissed, for lack of jurisdiction, as to the fiscal year 1919. The allegations as to the facts are in conflict, but the record bears out the finding that the original petition filed on December 15, 1925, was filed subsequent to the adjudication of bankruptcy.

3. We come now to the discussion of the last phase of this question, viz, the jurisdiction of the Board in the case of the determination *of a deficiency* pursuant to section 274 (a) of the Revenue Act of 1924 and appeal therefrom pursuant to that Act, where bankruptcy ensues before the filing of the petition with the Board. We have shown above that, as to the fiscal year 1920, the Commissioner found a deficiency pursuant to section 274 (a) of the Revenue Act of 1924. The petition was filed with the Board on December 15, 1925, pursuant to that Act but subsequent to bankruptcy.

As we pointed out above, the Revenue Act of 1924 is silent as to the Board's jurisdiction in the event of bankruptcy. We likewise called attention to the fact that section 282 (a) of the Revenue Act of 1926 applies to proceedings arising under the Revenue Act of 1924 only in so far as such proceedings arise under appeals from jeopardy assessments—specifically covered by section 283 (k) of the Revenue Act of 1926. So, we find that the last-mentioned section, as well as section 282 (a) of that Act, does not apply to this phase of the case.

However, section 283 (b) of the Revenue Act of 1926 does apply. That section provides:

(b) If before the enactment of this Act any person has appealed to the Board of Tax Appeals under subdivision (a) of section 274 of the Revenue Act

of 1924 (if such appeal relates to a tax imposed by Title II of such Act or to so much of an income, war-profits, or excess-profits tax imposed by any of the prior Acts enumerated in subdivision (a) of this section as was not assessed before June 3, 1924), and the appeal is pending before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal. In all such cases the powers, duties, rights, and privileges of the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and of the courts, shall be determined, and the computation of the tax shall be made, in the same manner as provided in subdivision (a) of this section, except as provided in subdivision (j) of this section and except that the person liable for the tax shall not be subject to the provisions of subdivision (d) of section 284.

The language of the section just quoted is quite broad and comprehensive. It has precise application to the facts of the instant case in so far as the fiscal year 1920 is concerned. It makes no exceptions as to proceedings filed subsequent to bankruptcy and provides for no ouster of jurisdiction as to proceedings pending at the incidence of bankruptcy. We conclude, therefore, that the Board has jurisdiction to hear and determine a proceeding filed with it pursuant to the provisions of section 274(a) of the Revenue Act of 1924, whether the petition in such proceeding was filed prior or subsequent to adjudication of bankruptcy of the petitioner.

*The proceeding is dismissed as to the fiscal year 1919. The respondent's motion is denied as to the fiscal year 1920. Appropriate orders will be entered accordingly.*