M. R. HOFFMAN, M. R. HOFFMAN, JR., GUY S. HOFFMAN, P. R. HOFFMAN, AND MARION HOFFMAN BAUSMAN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6641. Promulgated June 14, 1927.

1. JURISDICTION.—The petitioners in this action filed their joint petition on August 28, 1925. Thereafter, on May 17, 1926, all of these petitioners except P. R. Hoffman, were adjudicated bankrupts and at the hearing were represented by trustees in bankruptcy. Held, that the Board acquired jurisdiction by virtue of the appeal under the provisions of the Revenue Act of 1924, and is not ousted from such jurisdiction by virtue of section 282(a) of the Revenue Act of 1926. *Plains Buying & Selling Assn.* v. *Commissioner*, 5 B. T. A. 1147, followed.

2. INDIVIDUAL TAX LIABILITY OF PARTNERS.—Determination in accordance with stipulation of counsel respecting the accounts of the partnership.

*Charles G. Baker, Esq.*, and *Ralph E. Stine, C. P. A.*, for the petitioners.
*L. C. Mitchell, Esq.*, for the respondent.

In this proceeding the petitioners seek a redetermination of the income-tax liabilities for the years 1918, 1919, and 1920, for which the Commissioner has determined deficiencies as follows:

The trustees representing all petitioners except P. R. Hoffman entered into an agreement with the counsel for the Commissioner as to all the items in controversy entering into the computation of the tax. P. R. Hoffman did not appear at the hearing.

On February 15, 1927, John Hertzler, Charles F. Haeger, and John A. Coyle, trustees in bankruptcy for M. R. Hoffman, M. R. Hoffman, Jr., Guy S. Hoffman, Marion Hoffman Bausman, and Esther Hoffman Schadt, as individuals and as partners trading as Hoffman Leaf Tobacco Co., filed an intervening petition, to which respondent filed answer on March 4, 1927. At the trial counsel for the trustees in bankruptcy on behalf of the taxpayers represented by them waived all minor allegations of error contained in the original and amended petition, joined with counsel for the respondent in a stipulation respecting the facts hereinafter set forth and agreeing that the tax liability of the taxpayers represented by them for the years 1918 and 1919 should be redetermined on the basis used by the respondent in his deficiency letters modified by the stipulation respecting the inventory and the expense deductions as hereinafter set forth, and agreed that the deficiencies found by the respondent for the year 1920 were correctly determined.

### FINDINGS OF FACT.

During the taxable years 1918 to 1920, inclusive, the petitioners were members of a partnership carrying on business under the name and style of Hoffman Leaf Tobacco Co. Some time following the year 1921 and prior to May 17, 1926, the membership of this partnership was changed, P. R. Hoffman retiring from the partnership, and Esther Hoffman Schadt became a member of the succeeding partnership. On May 17, 1926, the partnership and the individual members thereof, consisting of M. R. Hoffman, M. R. Hoffman, Jr., Guy S. Hoffman, Marion Hoffman Bausman, and Esther Hoffman Schadt, individually were adjudicated bankrupts.

The partnership as it existed during the years 1918 to 1920, inclusive, carried large stocks of leaf tobacco, and the merchandise inventory for the year 1919 was of the money value of $858,862.

During the year 1919 the then partnership in the conduct of its business expended for labor, supplies, and similar expenditures the amount of $201,877.73, which amount was a lawful deduction from

gross income for the year 1919, but no part of this amount was allowed as a deduction in the computation of deficiencies shown in the deficiency letter.

### OPINION.

TRUSSELL: Following the rule laid down by the Board in its decision and opinion in the case of *Plains Buying & Selling Assn.* 5 B. T. A. 1147, we are of the opinion that the Board acquired jurisdiction in this action by virtue of the appeals filed under the provisions of the Revenue Act of 1924 and prior to the adjudication of bankruptcy on May 17, 1926, and that the Board is not ousted of such jurisdiction by virtue of section 282 (a) of the Revenue Act of 1926.

At the trial counsel for the parties then represented agreed to and dictated into the record a stipulation in words and figures as follows: The parties to this appeal agree (1) that the inventory of January 1, 1919 was $858,862.54, (2) that in the year 1918 the Hoffman Leaf Tobacco Co. expended for labor and supplies and similar expenditures $201,877.73, no part of which has been allowed as a deduction, and that appellants are entitled to said amounts as a deduction, (3) in all other respects the Commissioner's determinations are correct.

> *The deficiencies may be redetermined in accordance with the foregoing findings of fact and opinion upon 15 days' notice, pursuant to Rule 50, and judgment will be entered accordingly.*