**JAMY CORPORATION, a California corporation, Appellant,**

v.

**Robert A. RIDDELL, individually and as District Director of Internal Revenue, Los Angeles, California, Appellee.**

No. 18398.

United States Court of Appeals
Ninth Circuit.

Sept. 23, 1964.

Rehearing Denied Nov. 4, 1964.

we are confronted with the paradoxical situation that the rules for the Southern District of California provide for findings of fact and conclusions of law on summary judgments when the very es- sence of a summary judgment is that there are no facts in dispute. Such an adherence to form perhaps does no harm when it is used as a checklist. And it did no harm here, although all too often such findings of fact are telltale that there really was a genuine disputed issue of fact.

The peculiar facts of this case arise out of the marital breakup of the California marital community of Amy S. McKinnon and James A. McKinnon, each of whom owned fifty per cent of the stock of Jamy. In July, 1956, Mrs. McKinnon filed an action in California for a divorce. Later in April, 1959, Mrs. McKinnon filed a petition in a California state court for dissolution of the corporation on the ground that the dissidence of the two equal stockholders made it a deadlocked corporation. (Such a ground is a recognized one for dissolution in California.)

As a part of the same dissolution proceedings, a receiver was appointed by the state court on May 20, 1959. Thereafter, in November, 1959, the appellee caused two assessments, one for 1956 and the other for 1957, to be made against the corporation. This was done pursuant to Section 6871 of the Internal Revenue Code of 1954. Written notice thereof was given promptly to the receiver. Thereafter, on January 22, 1960, appellee filed a "claim of United States for Internal Revenue Tax" in the receivership proceedings. Thus, he submitted himself to the receivership. Whether the claim was valid was never adjudicated in the state proceedings. The receiver does appear to have tacitly recognized the claim as valid. However, our decision is not grounded on this fact.

As abruptly as the receivership started, it came to an end. The corporation was not dissolved. The husband and wife adjusted their business differences, filed a stipulation for termination of the re-

Ronald C. Roeschlaub, Walter J. McLellan, Los Angeles, Cal., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Michael I. Smith, Dept. of Justice, Washington, D. C., Francis C. Whelan, U. S. Atty., Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Section, Los Angeles, Cal., for appellee.

Before CHAMBERS and HAMLEY, Circuit Judges, and JAMESON, District Judge.

CHAMBERS, Circuit Judge.

The district court has denied appellant a decree enjoining collection of income taxes claimed by the appellee-defendant for two fiscal years ending in 1956 and 1957. We affirm.

The judgment below resulted from an attack on plaintiff's complaint. Again,

ceivership, and the assets of the corporation were returned to it. In a way, in the vernacular, the receiver was left "high and dry." Freed of the taxpayer's insulation in the form of the receivership, the director began to start to make ready to collect his old assessments. The taxpayer rushed to federal district court seeking an injunction.

Because of the urgencies of the government fisc, it is rare that one can enjoin the taxgatherer from collecting what he claims. 26 U.S.C. § 7421. Normally, the classic example of where one may enjoin the federal tax collector is where he has failed to issue his 90 (sometimes 150) day notice of deficiency. 26 U.S.C. § 6212, § 6213. Popularly, such a notice is called a ticket to the tax court—used to review the collector when one prefers to avoid payment and suit to recover, or perhaps just prefers the tax court.

█ But the Internal Revenue Code has some different provisions if a bankruptcy or receivership comes astride of the tax claim. We see in 26 U.S.C. § 6871 (as amended by Section 88, P.L. 85–866) that when such a status has arisen the director may make his assessment. Then the bankruptcy court or receivership court may adjudicate the claim. It is true that the section does not spell out very much about adjudication. But we hold that either party had a right to get the tax claim adjudicated in the court of the receivership. But the receiver, who

during the receivership was in all practical sense the corporation, took no steps to contest the tax. Certainly there was available in the receivership court a review not under less favorable circumstances than in the tax court.

█ We suggest that if all but bankrupts and those in receivership were permitted to contest their taxes without prepayment, serious problems would be presented in the constitutional field of equal protection. Thus, we are justified in using all intendments on Section 6871 to give the corporation in the receivership court a tax court type of review.[1] The case of Cohen v. Gross, 3 Cir., 316 F.2d 521, is not the same as ours, but its logic clearly indicates that we should hold as we do here.

With our determination that the corporation was entitled to a review in the receivership court, and the receivership being terminated by the corporation acting through its sole stockholders, they thus deprived their corporation of any opportunity of review before payment.[2]

Thus we say that the taxpayer fails in seeking equity by presenting no inequitable situation. Our decision has not been influenced by the fact that this apparently abundantly solvent taxpayer probably still has open to it the process of payment and suit to recover back. We simply cannot agree that it has found a loophole in the tax laws.[3]

The judgment is affirmed.

1. While the language of 26 U.S.C. § 6871 (b) is crystal clear that the director may get the tax adjudicated in the receiver's court, we think the same privilege must be read into the section for the benefit of the taxpayer.

2. Plaintiff's complaint herein shows that the receivership was not held open to settle the tax claim. We suggest it could have been kept open for that purpose.

3. It should be noted that even under jeopardy assessments review is permitted in the tax court if a bankruptcy or receivership does not intervene. If these things happen, the case can then go to the court supervising the trust res. See Cohen v. Gross, cited infra, and Ross v. Commissioner, 38 T.C. 309.