JOHN M. TANNER, TRANSFEREE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3951-74.     Filed June 12, 1975.

*William A. Winston,* for the petitioner.
*Tom G. Parrott,* for the respondent.

OPINION

WILBUR, *Judge:* Petitioner, on September 30, 1974, filed a motion to dismiss this proceeding for lack of jurisdiction. The question presented is whether section 6871(b)[1] operates to deny this Court jurisdiction to redetermine transferee liability when the petition seeking redetermination was filed subsequent to petitioner's being adjudicated a bankrupt but prior to the termination of the bankruptcy proceedings and when the Commissioner has neither assessed the transferee liability nor filed a proof of claim for the liability with the bankruptcy court.

On February 20, 1974, petitioner was adjudicated a bankrupt by virtue of his having filed a voluntary petition in bankruptcy in the United States District Court for the Northern District of Texas, Dallas Division.[2] On March 8, 1974, respondent mailed a statutory notice of liability to petitioner as transferee of After Hours, Inc., a Texas corporation, for the taxable year ended September 30, 1969. Petitioner filed his petition with the Tax Court on June 5, 1974. Although respondent filed a proof of claim for taxes in the bankruptcy proceeding of petitioner on September 17, 1974, this claim did not include petitioner's liability as transferee of After Hours, Inc., for corporate income taxes. The Commissioner has neither assessed nor filed a proof of claim for this transferee liability.[3] The bar date for filing proof of claim was September 28, 1974.

Section 6901(a) provides that the liability of a transferee of assets for income taxes "shall * * * be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred." Section 6212(a) provides that if the Secretary or his delegate determines an income tax deficiency, he

---

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.

[2] Under sec. 18(f) of the Bankruptcy Act, 11 U.S.C. sec. 41(f), a voluntary petition in bankruptcy operates as an adjudication.

[3] There are apparently no assets remaining in the bankrupt's estate which can be used to satisfy the tax liability herein considered. Respondent has therefore declined to file a proof of claim and is seeking satisfaction out of exempt property or after acquired assets.

is authorized to send a notice of such deficiency to the taxpayer. Section 6213(a) allows the taxpayer to file a petition with the Tax Court for redetermination of the deficiency, and prohibits the assessment or collection of the deficiency for 90 days, or if a petition is filed, until the decision of the Tax Court becomes final.

Section 6871 provides a special exception to the normal deficiency procedures:

SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS.

(a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided by law) determined by the Secretary or his delegate in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.

(b) CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS.— In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.

In support of his motion to dismiss, petitioner argues that section 6871(b) clearly states that a petition may not be filed with the Tax Court after the adjudication of bankruptcy. This question was considered by the Tax Court on very similar facts in *Samuel J. King,* 51 T.C. 851 (1969). The Court in *King,* relying in turn on our decision in *Pearl A. Orenduff,* 49 T.C. 329 (1968),[4] read section 6871 to bar filing a petition for a redetermination of

---

[4] *Orenduff* held that the Tax Court had jurisdiction to redetermine deficiencies for prebankruptcy years where the statutory notice *was mailed after termination of the bankruptcy proceedings* and the Commissioner had not made an immediate assessment or filed a proof of claim with the bankruptcy court. See also *John V. Prather,* 50 T.C. 445 (1968).

a deficiency only when the respondent has put the controversy before the bankruptcy court by immediately assessing the tax [5] or filing a proof of claim as contemplated by section 6871. The legislative history of section 6871 clearly contemplates that a taxpayer will receive an independent hearing before being required to pay the tax, either in the bankruptcy court or in the Tax Court.[6] This result also avoids the constitutional problems that would be presented if bankrupts were the only taxpayers deprived of the right to have their tax liabilities adjudicated prior to payment. See *Jamy Corp. v. Riddell,* 337 F.2d 11 (9th Cir. 1964).

Petitioner urges us to disregard *King* as an erroneous interpretation of section 6871 that in any event is inapplicable to his case. He directs our attention to the following cases that he contends are more persuasive and relevant. *Plains Buying & Selling Association,* 5 B.T.A. 1147 (1927); *M. R. Hoffman,* 7 B.T.A. 303 (1927); *Robert T. Cunningham,* 20 B.T.A. 428 (1930); *Comas, Inc.,* 23 T.C. 8 (1954); *Missouri Pacific Railroad*

---

[5] See *Jamy Corp. v. Riddell,* 337 F.2d 11 (9th Cir. 1964).

[6] The statutory progenitor of sec. 6871 may be traced to sec. 282(a) of the Revenue Act of 1926 containing substantially the same language. Congress clearly contemplated that whenever an immediate assessment was made and the Tax Court denied jurisdiction, a claim would be presented to the bankruptcy court where the taxpayer could get an independent hearing. Conversely, an assessment without submission to the bankruptcy court was contemplated only when the taxpayer was afforded a hearing in the Tax Court. S. Rept. No. 52, 69th Cong., 1st Sess. 31 (1926), provides:

"in case of determination of deficiency, * * * if petition for redetermination therefor has not been presented to the board, the deficiency *shall* be assessed *and* the *claim presented to the bankruptcy or equity court.* * * * [Emphasis supplied.]"

The bill as reported by the Senate Finance Committee also contained a provision, deleted on the Senate floor, requiring dismissal of proceedings actually pending before the Tax Court regardless of the merits of petitioner's claim. This would have been an extremely harsh measure, unless the termination of the taxpayer's right to an independent hearing was to be accompanied by the filing of a claim giving the bankruptcy court jurisdiction to adjudicate the merits of the tax controversy. This was clearly the intention of Congress:

"If petition for a redetermination has been presented to the board but is not on appeal therefrom, the proceedings *shall* be dismissed and the deficiency assessed *and claim therefor presented to the bankruptcy or equity court.* * * * [*Ibid.;* emphasis added.]"

Although the statute says the claim "shall" be assessed and "may" be presented to the bankruptcy court, the permissive "may" rather than the compulsory "shall" is used in the legislative history by the Senate Finance Committee in connection with a Tax Court decision on appeal to the Court of Appeals or Supreme Court on commencement of bankruptcy *in which case the taxpayer would already have had an independent hearing on the merits.* Amendments on the Senate floor deleted the language requiring dismissal of pending Tax Court cases. The explanation of this amendment on the Senate floor states that where the Tax Court retains jurisdiction the Commissioner "may" file a proof of claim, again indicating that assessment would be followed by action giving the bankruptcy court jurisdiction unless the taxpayer was entitled to a prepayment hearing in the Tax Court. See remarks of Senator Reed, 67 Cong. Rec. 3379, 3380 (1926).

*Co.,* 30 B.T.A. 587 (1934); *Molly-'es Doll-Outfitters, Inc.,* 38 B.T.A. 1 (1938). The petitions were filed *prior* to the commencement of bankruptcy preceedings in all of these cases except the last case cited. These cases are clearly distinguishable from both *King* and the instant case as we have concurrent jurisdiction with the bankruptcy court when the taxpayer is adjudicated a bankrupt subsequent to filing of a petition with this Court.[7] The last case cited *(Molly-'es Doll-Outfitters, Inc., supra)* was discussed and distinguished in *King.* See 51 T.C. at 856. We believe that *King* governs the issue presented and that we have jurisdiction unless amendments to the Bankruptcy Act and rules not considered in *King* give the bankruptcy court jurisdiction to hear and decide this particular tax dispute.[8] We direct our attention to the jurisdictional impact of these amendments.

The first amendment relates to a procedure, under rule 303 of new bankruptcy rules,[9] permitting a bankrupt to file a proof of claim on behalf of a creditor. Petitioner points out that the transferee liability at issue here was included in a "Proof of Claim under Rule 303" filed by petitioner on behalf of the United States. The claim under rule 303 was filed prior to the bar date for filing proofs of claim in petitioner's bankruptcy proceedings.

Bankruptcy rule 303 provides as follows:

> If a creditor having a provable claim for taxes or wages fails to file his claim on or before the first date set for the first meeting of creditors, the bankrupt may execute and file a proof of such claim in the name of the creditor. Such claim shall be treated as a filed claim *only for purposes of allowance and distribution.* The court shall forthwith mail notice of such filing to the creditor and to the trustee. The creditor may nonetheless file a proof of claim pursuant

---

[7] *Plains Buying & Selling Association,* 5 B.T.A. 1147 (1927); *Comas, Inc.,* 23 T.C. 8 (1954). The effect of concurrent jurisdiction was described in *Fotochrome, Inc.,* 57 T.C. 842, 847 (1972):

"In cases of concurrent jurisdiction the court which first reaches the case for trial may then proceed to a final decision without interruption and the doctrine of res adjudicata will apply to the result. * * *"

[8] In *King* the respondent was moving to dismiss while the petitioner is moving to dismiss in the instant proceeding. But this is a distinction without a difference since jurisdiction over a tax controversy does not depend on which party is moving to dismiss, and petitioner does not contend otherwise.

[9] The Supreme Court has the same general rulemaking authority in bankruptcy that it has in civil procedure, admiralty, and criminal procedure. 28 U.S.C. sec. 2075. Pursuant to this authority the Supreme Court prescribed rules and forms in cases arising under chs. I-VII and ch. XIII, reporting these rules to Congress on Apr. 24, 1973. These rules became effective on Oct. 1, 1973. See 411 U.S. 989 (1973).

to Rule 302 which proof when filed shall supersede the proof filed by the bankrupt. [Emphasis added.]

Although rule 303 permits the bankrupt to file a claim on behalf of his creditors "for the purposes of allowance and distribution," it does not, by itself, bring those creditors within the bankruptcy court's jurisdiction. This point is made clear by the Advisory Committee's Note to rule 303 which states in relevant part:

This rule is not intended to subject the creditor in whose name a claim is filed thereunder to the jurisdiction of the court of bankruptcy. To the extent the claim [is] allowed and dividends paid on it, it will be reduced or perhaps paid in full. * * * [10]

We therefore consider the filing of a claim by the petitioner under rule 303 to be insufficient to assure the resolution of this controversy in the bankruptcy court.

Additionally, there is currently a controversy over whether amendments to the Bankruptcy Act made in 1966 (and not considered in *King*) give the bankruptcy court jurisdiction over a tax claim even though respondent has not filed a proof of claim. The first of these provisions, section 2(a)(2A) of the Bankruptcy Act, 11 U.S.C. sec. 11(a)(2A), grants these courts jurisdiction to:

Hear and determine, or cause to be heard and determined, any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction, and in respect to any tax, whether or not paid, when any such question has been contested and adjudicated by a judicial or administrative tribunal of competent jurisdiction and the time for appeal or review has not expired, to authorize the receiver or the trustee to prosecute such appeal or review;

Similar language was formerly contained in section 64(a)(4) of the Bankruptcy Act (11 U.S.C. sec. 104), dealing with debts which have priorities.[11] In 1966, Congress moved this language in modified form to section 2 of the Bankruptcy Act (11 U.S.C. sec. 11) dealing with courts of bankruptcy and their jurisdiction.[12]

The Senate Finance Committee filed a report indicating their understanding that this amendment made "no change in present law under which a bankruptcy court cannot adjudicate the merits

---

[10] 1 Collier, Bankruptcy, Rules, 120 (14th ed. 1973).

The Advisory Committee's introductory note to the preliminary draft of the new rules also stated that: "The allocation of jurisdiction by the Act and the relevant case law is accepted as established for the purposes of these rules." (*Id.* at 8.)

[11] See MacLachlan, Bankruptcy, sec. 154 (1956).

[12] Pub. L. 89-496 (July 5, 1966), 80 Stat. 270. See 1966-2 C.B. 598.

of any claim, including a Federal tax claim, which has not been asserted in the bankruptcy proceeding by the filing of a proof of claim."[13]

The apparent conflict between this committee report language and section 2(a)(2A) of the Bankruptcy Act has been resolved by several courts by holding that the statutory language clearly gives the bankruptcy court jurisdiction even though a proof of claim is not filed, despite the contrary understanding of the Senate Finance Committee. *In re Curtis,* an unreported case (W.D. Mich. 1969, 24 AFTR 2d 69-5082, 69-1 USTC par. 9433); *In re Century Vault Co.,* 416 F.2d 1035 (3d Cir. 1969); *In re Durensky,* 377 F.Supp. 798 (N.D. Tex. 1974). Contra, *In re Webster,* an unreported case (C.D. Cal. 1969, 23 AFTR 2d 69-1316, 69-1 USTC par. 9367).

The Fifth Circuit took note of the conflict in *In re Statmaster Corp.,* 465 F. 2d 978 (5th Cir. 1972), but did not "find it necessary to resolve this issue" in the disposition of that case. *Id.* at 981. While this issue has not been definitively determined by the courts, we recognize that there is a strong possibility that the bankruptcy court will take jurisdiction of the tax matter here in controversy under section 2(a)(2A) of the Bankruptcy Act, even though the respondent has not filed a proof of claim.[14] This has not yet occurred and therefore provides no basis for dismissal at the present time. When and if this occurs the taxpayer will be given an opportunity to litigate the issues prior to payment in the

---

[13] S. Rept. No. 999, 89th Cong., 2d Sess. 11, 1966-2 C.B. 743, 750.

[14] The bankruptcy proceedings in this case are pending in the same court that decided *In re Durensky,* 377 F. Supp. 798 (N.D. Tex. 1974). *Durensky,* however, misreads the legislative history of Pub. L. 89-496, *supra* n. 12. This legislation provided for the discharge of taxes, subject to certain exceptions, in bankruptcy. Companion legislation in the 89th Congress (see H.R. 136, S. 1912 subsequently becoming Pub. L. 89-495 (July 5, 1966), 80 Stat. 268 (see 1966-2 C.B. 595)) also corrected erosions to the strong-arm rule by invalidating certain liens against the trustee. In S. Rept. No. 999, *supra* n. 13, the Senate Finance Committee made recommendations that would have provided for amortization rather than discharge of tax liability, and would also have overturned *United States v. Speers,* 382 U.S. 266 (1965). The Judiciary Committee, which had primary jurisdiction, adopted the views of the minority of the Finance Committee on *these two points.* See S. Rept. Nos. 1158, 1159, 89th Cong., 2d Sess. (1966). (S. Rept. No. 1159 is found at 1966-2 C.B. 761, 770.) However, the Judiciary Committee did not challenge or criticize the statement of the Finance Committee that the jurisdiction of the bankruptcy court to adjudicate the merits of a tax claim will continue to depend on the filing of a proof of claim. And the *Durensky* holding conflicts with the rationale of rule 303. (Why have petitioner file a proof of claim on behalf of the Government for limited purposes if the bankruptcy court already has jurisdiction under 2(a)(2A)?) See also rule 203(b). But see *Jamy Corp. v. Riddell,* 337 F.2d 11 (9th Cir. 1964).

bankruptcy court, and under the rationale of *King,* we will then entertain a renewed motion to dismiss for lack of jurisdiction.

Finally, amendments to the Bankruptcy Act enacted in 1970 and not considered in *King,* provide comprehensive procedures for determining the dischargeability of debts.[15] Under the practice previously followed, the bankruptcy court granted the discharge, but it had to be offered by the bankrupt as an affirmative defense if the bankrupt was sued in another court on a debt.[16] Since the other court would then determine whether the debt was discharged, jurisdiction over the granting and the enforcing of a discharge was divided. Often the debtor ignored the postbankruptcy suit, being without funds to employ counsel and assuming he was protected by the discharge. He was then defaulted and the bankruptcy proceedings were undermined.[17]

The 1970 amendments added section 17(c) to the Bankruptcy Act, 11 U.S.C. sec. 35(c). Section 17(c)(1) of the Act provides that "The bankrupt or any creditor *may* file an application with the court for the determination of the dischargeability of any debt."[18] (Emphasis added.)

Section 17(c)(3) provides:

> After hearing upon notice, the court shall determine the dischargeability of any debt for which an application for such determination has been filed, shall make such orders as are necessary to protect or effectuate a determination that any debt is dischargeable and, if any debt is determined to be nondischargeable, *shall determine the remaining issues, render judgment,* and make all orders necessary for the enforcement thereof. * * * [Emphasis added.]

The rules provide for the filing of a "complaint" rather than an "application," making the proceeding an adversary proceeding.[19] Additionally rule 409(b) provides that in a section 17(c) pro-

---

[15] Pub. L. 91-467 (Oct. 19, 1970), 84 Stat. 990.

[16] However, power to determine dischargeability of a particular claim on application of a bankrupt in an *exceptional* case resided in the bankruptcy court. *Local Loan v. Hunt,* 292 U.S. 234 (1934). And, of course, prior to the 1966 amendments (Pub. L. 89-496, *supra* n. 12) taxes were not dischargeable in bankruptcy.

[17] See H. Rept. No. 91-1502, 2 U.S. Code Cong. & Adm. News 4156, 4158 (1970).

[18] Sec. 17(c)(2) of the Act (11 U.S.C. sec. 35(c)(2)), provides that a creditor alleging nondischargeability by reason of sec. 17(a)(2), (4), or (8) (involving certain acts of false pretenses, false representations, fraud, embezzlement, etc., or willful and malicious injuries to person or property) *must* file an application to determine nondischargeability within a specified time period fixed by the court (within 90 days of the first meeting of creditors. See sec. 17(c)(2), 14(b)(1), rule 409(a)(2)). Thus the bankruptcy court has exclusive jurisdiction to determine dischargeability of these specified claims. H. Rept. No. 91-1502, 2 U.S. Code Cong. & Adm. News 4156, 4163 (1970).

[19] See commentary following sec. 17(c)(1) of the Act, Collier, Bankruptcy Act and Rules A-36 (pamphlet ed. 1974).

ceeding, a creditor, if his claim has not been reduced to judgment, must include in his complaint or answer a statement of his claim and a demand for judgment.[20]

Section 17(c)(3), related provisions of the Bankruptcy Act,[21] and rule 409(b), clearly grant jurisdiction to the bankruptcy court to adjudicate the merits of a tax claim in connection with a petition to determine dischargeability, whether or not the respondent has filed a proof of claim.[22]

However, section 17(c)(1) of the Act provides that the bankrupt or any creditor "may" file a complaint to determine dischargeability. With respect to most of the debts specified in section 17(a)—including taxes—the bankruptcy court is:

given permissive but not exclusive jurisdiction to determine dischargeability; the option to obtain such determination would rest with the bankrupt or any party in interest, whether or not an action is pending in another court.[23]

It is clear that the bankruptcy court does not acquire jurisdiction under section 17(c)(1) unless, at some point, a complaint is filed to determine dischargeability.[24] Although the bankruptcy court may acquire jurisdiction over the present controversy pursuant to section 17(c)(1) of the Act, it has not yet

---

[20] 1 Collier, Bankruptcy, Rules 143 (14th ed. 1974).

[21] See sec. 2(a)(12), 11 U.S.C. sec. 11(a)(12); sec. 14(b)(1) and (2), 11 U.S.C. sec. 32(b)(1) and (2); sec. 14(f), 11 U.S.C. sec. 32(f); sec. 38(4), 11 U.S.C. sec. 66(4).

[22] *In re Durensky*, 377 F. Supp. 798 (N.D. Tex. 1974). See Countryman, The New Dischargeability Law, 45 Am. Bankr. L.J. 1 (1971), discussed in *Durensky*, 377 F. Supp. at 803. At one point during the development of the 1970 amendments the legislation under consideration provided that when a debt was determined to be nondischargeable, other issues relating to the debt could be removed to another court on demand of an appropriate party, or on the initiation of the bankruptcy court itself. H. Rept. No. 91-1502, 2 U.S. Code Cong. & Adm. News 4156, 4164 (1970). The deletion of this language from the final bill and the language in sec. 17(c)(3) of the Act that in the case of a debt determined nondischargeable, the court "shall determine the remaining issues, [and] render judgment" indicates Congress expected the bankruptcy court to finally determine the issues at stake where a complaint to determine dischargeability is filed. See 1A Collier, Bankruptcy, sec. 17, pp. 1628, 1735 (14th ed. 1974).

[23] H. Rept. No. 91-1502, 2 U.S. Code & Adm. News (1970). See 1A Collier, Bankruptcy, sec. 1728A, pp. 1737-1742.2 (14th ed. 1974). As to the debts mentioned in sec. 17(a)(2)(4) and (8) of the Act, the bankruptcy court has exclusive jurisdiction. See n. 18 *supra*.

[24] Rule 409(a)(1) states a complaint to determine dischargeability may be filed "at any time." However, Collier states:

"It may well be that the bankrupt cannot delay too long filing his complaint in the bankruptcy court once an action has been commenced in another forum. It would seem that the bankruptcy court could refuse to enjoin continuation of the state or federal court action on the ground of laches as applied to the bankrupt's delay. There should be some reasonable period, including time and progress of the original action as part of the determining factors, during which the bankrupt (or creditor) may file the complaint, and beyond which the bankruptcy court may refuse to entertain it. [1A Collier, Bankruptcy, sec. 17.14, p. 1628.1 (14th ed. 1974).]"

done so, and under the rationale of *King* we will not dismiss for lack of jurisdiction at the present time.[25] However, if the bankruptcy court does acquire jurisdiction pursuant to a complaint filed in accordance with section 17(c)(1) and rule 409, we will entertain a renewed motion to dismiss for lack of jurisdiction.

We believe that the principle of *King* requires that, in order to assure the taxpayer an independent hearing before payment of the liability asserted, the motion to dismiss for lack of jurisdiction must be denied. However, if the bankruptcy court takes jurisdiction of the controversy, a renewed motion to dismiss will be entertained.

Reviewed by the Court.

> *An appropriate order denying petitioner's motion will be entered.*

STERRETT, *J.,* dissenting: Even assuming the 1966 and 1970 amendments to the Bankruptcy Act are relevant to the issue presented in *Samuel J. King,* 51 T.C. 851 (1969), I see no reason to alter the views set forth in my dissenting opinion in that case. The language of section 6871(b) remains clear enough to me to call for an opposite conclusion to that reached by the majority. Hence, I hold to my aforenoted dissent.

DAWSON, RAUM, FORRESTER, SCOTT, and GOFFE, *JJ.,* agree with this dissent.

---

[25] It should also be noted that the primary purpose of sec. 17(c)(1) is to determine the issue of dischargeability, and the decision on the merits of the claim provided in sec. 17(c)(3) is ancillary to this primary purpose. It may be that when a tax claim is clearly nondischargeable, bankruptcy courts will consider an attempt to invoke their ancillary jurisdiction to resolve a protracted tax controversy as inappropriate. See *In re Eberly,* an unreported case (M.D. Fla. 1975, 35 AFTR 2d 75-1456).