A. D. LEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lee v. Commissioner
Docket No. 8268-76
United States Tax Court
T.C. Memo 1977-423; 1977 Tax Ct. Memo LEXIS 18; 36 T.C.M. (CCH) 1732; T.C.M. (RIA) 770423; December 13, 1977, Filed F. Edward Little, for the petitioner. James D. Vandever, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: This matter comes before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioner objected to the motion and, after an oral hearing, the parties submitted stipulations of fact and written briefs stating their positions. Respondent's motion and petitioner's objections essentially raise two issues for our determination: (1) whether this Court lacks jurisdiction under section 6871(b) [1] to redetermine tax deficiencies for prebankruptcy years where petitioner filed a petition with the bankruptcy court prior to filing the Tax Court petition and respondent filed a timely proof of claim for the tax deficiencies in the bankruptcy proceedings; and (2) whether this Court lacks jurisdiction under section 6871(b) to redetermine additions to tax under sections 6651(a)(1) and 6653(a) for a pre-bankruptcy *20 year where the petitioner filed a petition with the Tax Court and where the bankruptcy court has sole jurisdiction to redetermine the underlying income tax deficiency. All of the facts have been stipulated by the parties. The stipulations of fact and attached exhibits are incorporated herein by this reference. On February 28, 1975, petitioner herein was adjudicated a bankrupt by virtue of his having filed a voluntary petition in bankruptcy for the Southern District of Florida. [2] On March 13, 1975, the District Court issued an order setting the first meeting of creditors for March 26, 1975, and thereby fixing the last date on which to file claims as September 26, 1975, unless otherwise provided for. On September 25, 1975, respondent filed a timely proof of claim in petitioner's bankruptcy proceedings, scheduling as lien claims Federal *21 income taxes for the years 1971, 1972, and 1973, and interest thereon computed as of February 28, 1975. An amended proof of claim was filed by respondent on February 11, 1976, scheduling as priority claims the following amounts, interalia: Year
Income Tax
Interest
1971
$207,385.00
$36,042.90
1972
77,220.45
8,659.26
1973
3,667.59
191.21
No additions to tax were scheduled or mentioned in the proof of claim. On June 23, 1976, respondent issued a notice of deficiency to petitioner setting forth the following income tax deficiencies for the years 1971 through 1973 and additions to tax for 1971 and 1972: Additions to Tax Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
1971
$209,385.00
$52,346.25
$10,469.25
1972
77,220.45
19,305.11
3,861.02
1973
3,667.59
0
0
These amounts had been previously assessed on December 31, 1975, pursuant to section 6871(a). A petition captioned in the name of A. D. Lee was filed with this Court on September 7, 1976 seeking a redetermination of the deficiencies and additions to tax listed previously in respondent's deficiency notice. The usual procedure for the determination *22 and assessment of Federal income tax deficiencies requires that the Secretary or his delegate send a notice of deficiency to the taxpayer at his last known address by certified or registered mail. Section 6212. Thereafter the taxpayer has 90 days within which to appeal that determination to the Tax Court. During this period no assessment of the deficiency may normally be made, nor may assessment be made when a petition is filed in this Court until our decision becomes final. Section 6213. However, section 6871 establishes a different procedure where a taxpayer has been adjudicated a bankrupt. Section 6871(a) provides that the Commissioner shall immediately assess any deficiency not therefore assessed against a taxpayer who has been adjudicated a bankrupt. Section 6871(b) limits the jurisdiction of this Court where the taxpayer has previously been adjudicated a bankrupt. It states: SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS. (b) CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS.--In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax *23 may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver. Respondent's position with respect to both issues before us is that section 6871(b) precludes us from asserting jurisdiction herein. Petitioner's principal reply argues that to deny jurisdiction herein would eliminate his only opportunity for a prepayment hearing in violation of the Congressional intention to provide such a forum. We have previously considered these issues and arguments in the context of a case involving an almost identical factual framework. In Sharpe v. Commissioner, 69 T.C.     (1977), the taxpayer had been adjudicated a bankrupt after filing a voluntary petition *24 in liquidating bankruptcy. As is the case herein, the Commissioner subsequently assessed a deficiency for Federal income taxes and additions to the tax under section 6651(a)(1) and, after filing a proof of claim for the taxes only, sent the taxpayer a notice of deficiency. With respect to Tax Court jurisdiction over the basic tax deficiency, we found the issue controlled by our prior opinions in Prather v. Commissioner,50 T.C. 445 (1968), and Izen v. Commissioner,64 T.C. 919 (1975), which held this Court to be without jurisdiction. Contrary to petitioner's position, we explained in those cases that our denial of jurisdiction did not leave the taxpayers without a prepayment forum. Section 6871 merely directs in cases such as that before us that the litigation take place in the bankruptcy court, the forum having jurisdiction over the person's assets, rather than in this Court. We see no reason to review at length the reasoning so carefully explained in Sharpe,Prather, and Izen on this issue other than to state our continued adherence to its holding. [3]
*25 With respect to our jurisdiction over the additions to tax under section 6871(a)(1), we recognized in Sharpe that our prior opinion in King v. Commissioner,51 T.C. 851 (1969) as well as the portions of our opinions in Prather and Izen on this issue supported a finding of jurisdiction. However we noted in Sharpe that none of those opinions had considered the effect of section 2a(2A) of the Bankruptcy Act, 11 U.S.C. section 11(a)(2A) (which was added in 1966), or section 17(c) of the Bankruptcy Act, 11 U.S.C. section 35(c) (which was added in 1970). Upon considering these provisions we found our reasoning as expressed in the earlier mentioned cases no longer persuasive and announced that they would no longer be followed on this point. The decision in Sharpe was based on the conclusion that denying jurisdiction would not deprive taxpayers of a prepayment forum because, although the bankruptcy court cannot allow claims for such nonpecuniary loss penalties as provided for by section 6651(a)(1) [4], such penalties are provable in the bankruptcy court and thus may be litigated therein. Denial of Tax *26 Court jurisdiction conforms to the spirit as well as the letter of section 6871 and obviates the problems inherent in multiple forum litigation. Although Sharpe did not involve additions to tax under section 6653(a), the reasons expressed therein for denying jurisdiction over the section 6651(a)(1) additions to tax apply with equal force.Furthermore, we recently held in Tatum v. Commissioner, 69 T.C.     (1977), that we were without jurisdiction under section 6871 to redetermine either the basic income tax deficiency or the section 6653(a) addition to tax where the petition was filed in this Court after petitioner had filed a petition pursuant to Chapter XI of the Bankruptcy Act, when respondent had assessed the deficiency and additions to tax and filed a claim in the taxpayer's bankruptcy proceedings under Chapter XI of the Bankruptcy Act for the amount of the deficiency. Thus, the resolution of both issues is controlled by our previous opinions in Sharpe and Tatum. Petitioner has, however, offered one other argument not previously considered. He asserts that "there is nothing *27 in the record to establish that [the] * * * assessments and claims filed by respondent were valid, timely or ever brought to the attention of Petitioner," and that there never was any litigation of the claims' validity. To the extent petitioner thereby objects to the substance of the claim, we do not reach the issue because of our conclusion that we do not have jurisdiction under section 6871. To the extent petitioner objects to the procedures by which the claims were filed in the bankruptcy proceedings, there is nothing in the record upon which to base a determination of invalidity. And both Sharpe and Tatum make it clear that the section 2a(2A) of the Bankruptcy Act, 11 U.S.C. section 11(a)(2A), and section 17(c) of the Bankruptcy Act, 11 U.S.C. section 35(c) afford the taxpayer a prepayment hearing without regard to whether respondent files a claim. Further, the validity of the claims is an issue which should more properly be litigated in the bankruptcy court rather than herein. Finally, whether or not the tax deficiency claims were ever actually litigated in the bankruptcy proceedings, it is clear from our opinions in *28 Sharpe and Tatum that petitioner had the opportunity to litigate those claims in a prepayment forum. Section 6871 prescribes that the forum be the bankruptcy court and not this Court. An appropriate order will be issued. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. Under sec. 18(f) of the Bankruptcy Act, 11 U.S.C. sec. 41(f), a voluntary petition in bankruptcy operates as an adjudication. See Tanner v. Commissioner,64 T.C. 415, 416↩, n. 2 (1975).
3. See also Tatum v. Commissioner, 69 T.C.     (1977), discussed infra↩.
4. See Simonson v. Granquist,369 U.S. 38↩ (1962).